**ORTEGO et al. v. NEHI BOTTLING WORKS et al.**

**No. 5641.**

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

On Rehearing June 1, 1938.

Geo. J. Ginsberg and Lee Caplan, both of Alexandria, for appellants.

Gist & Thornton, of Alexandria, for appellees.

HAMITER, Judge.

Damages are claimed by plaintiffs in this suit because of the alleged explosion on July 6, 1936, with resultant injury, of a bottle of carbonated beverage.

The original petition, which was filed March 11, 1937, impleaded as defendants the Nehi Bottling Works, and Thomas H. Stanley as sole owner and proprietor of that company, and alleged that they had succeeded to all of the assets and liabilities of the Nehi Bottling Company, Incorporated, which prepared and delivered the above mentioned beverage. To this petition exceptions of non-joinder and mis-joinder of parties defendant were filed.

On April 20, 1937, plaintiffs presented a supplemental petition, the filing of which was allowed, praying that Thomas H. Stanley and his wife, Mrs. Bonnie L. Stanley, be made defendants. Thereafter, defendants excepted to both the original and supplemental petitions because of asserted non-joinder and mis-joinder of parties defendant and as disclosing no cause and no right of action. The exception of non-joinder was sustained by the trial court under date of May 21, 1937, while the remaining exceptions were overruled.

A second supplemental petition was filed on June 15, 1937. In this pleading plaintiffs alleged that for the first time they have ascertained that the corporation denominated as the Nehi Bottling Company, Incorporated, in the prior petitions, should have been correctly designated as the Alexandria Nehi Bottling Company, Incorporated. They further alleged that said corporation has been declared officially dissolved; and, in this connection, they annexed and made a part of the pleading a certificate from the Secretary of State showing the corporation's dissolution as of October 8, 1936, and a copy of an affidavit of Mrs. Bonnie L. Stanley, liquidator, certifying that the affairs of the corporation have been completely liquidated.

Other pertinent allegations of the second supplemental petition are as follows:

"3. Your petitioners further show that upon information and belief, and so alleging, the said Thomas H. Stanley and his wife, Bonnie L. Stanley, succeeded to all of the assets and liabilities of said Alexandria Nehi Bottling Company, Inc., and upon such dissolution, proceeded to continue and to the best of the knowledge of your petitioners, and so alleging, are now so continuing the operation of the business heretofore conducted by the said Alexandria Nehi Bottling Company, Inc., under the trade name of the Nehi Bottling Works, and therefore, having so succeeded to such assets, liabilities and conduct of said business, that they are therefore individually and jointly liable, as successors thereof, unto your petitioners for the sums set forth in the original and supplemental petitions, as damages for the injury and accident set forth in detail, in the said original and supplemental petitions, which said allegations relative thereto, are specifically herein adopted, affirmed and reiterated, and accordingly, your petitioners are entitled to have said Thomas H. Stanley and Bonnie L. Stanley, as owners and proprietors of the said Nehi Bottling Works,

and as successors of the Alexandria Nehi Bottling Company, Inc., made defendants herein, and served with a copy of this amended and supplemental petition, individually and jointly.

"4. Petitioners further show that to the best of their knowledge, belief and so alleging, that the said Thomas H. Stanley and Bonnie L. Stanley are owners of the said Nehi Bottling Works, in the proportion of an undivided 98/99 in and to the said Thomas H. Stanley and an undivided 1/99 in and to the said Bonnie L. Stanley, and that accordingly, in said proportion, they are liable, individually and jointly, unto your petitioners, and that said undivided ownership is based upon the fact that upon the dissolution of the said Alexandria Nehi Bottling Company, Inc., according to the records of Rapides Parish, Louisiana, and more particularly Charter Book 6, page 398 thereof, reference to which is hereby made, and by such reference, made part hereof, with leave to substitute certified copy of same, there were but 99 shares, out of an authorized 100 shares issued in the proportions above set forth, and that accordingly, upon acquisition of all of the assets and liabilities by the said Thomas H. Stanley and Bonnie L. Stanley, they acquired same in the proportions above set forth."

The prayer of the petition from which we have just quoted is for judgment "against said defendants, Thomas H. and Bonnie L. Stanley, individually and jointly, in the proportions hereinabove set forth, and as owners and operators of the Nehi Bottling Works, and as successors of the Alexandria Nehi Bottling Company, Incorporated, for the sums set forth in the original and supplemental petitions". In the alternative, they pray that Mrs. Bonnie L. Stanley be also served as liquidator of the Alexandria Nehi Bottling Company, Incorporated.

The second supplemental petition was excepted to on September 13, 1937, on the ground that it disclosed no right and no cause of action as to Thomas H. Stanley and Mrs. Bonnie L. Stanley, individually, and no cause of action as to Mrs. Bonnie L. Stanley, as liquidator, and that all necessary parties defendant have not been joined. All of these exceptions were overruled on September 24, 1937. Two days thereafter defendants moved for a rehearing on the last named rulings. The motion was argued and submitted on September 28, 1937.

A third supplemental petition was filed by plaintiffs on this last mentioned date, in which they ask to amend the prayer of the second supplemental petition by praying in the alternative for judgment against Mrs. Bonnie L. Stanley, as liquidator of the Alexandria Nehi Bottling Company, Incorporated.

The rehearing applied for was granted on October 5, 1937. The exceptions were then resubmitted and on that said date there was judgment rendered "in favor of the said defendants and against the said plaintiffs, maintaining said exceptions of no cause and no right of action and dismissing plaintiffs' suit". Plaintiffs appealed from that judgment.

■ Unquestionably plaintiffs have no right of action against the liquidator of the Alexandria Nehi Bottling Company, Incorporated, and they would have stated none as against that corporation itself if it had been impleaded in this proceeding; because, as shown by the petitions, together with the annexed documents, the corporation had been officially dissolved and the liquidator discharged prior to the institution of suit. The case of McCoy v. State Line Oil & Gas Company, 180 La. 579, 157 So. 116, is definite authority for the doctrine that a certificate of dissolution issued by the Secretary of State, pursuant to the provisions of Section 62 of Act No. 250 of 1928, terminates the legal existence of the affected corporation and the tenure of office of its liquidator, and no litigation can thereafter be conducted against that corporation, or its said representative, unless the certificate is annulled. In the instant case, plaintiffs do not pray for the annullment of the official document of dissolution which they aver has previously been issued by the Secretary of State.

It is plaintiffs' contention herein that even though they are precluded by the aforediscussed official dissolution from proceeding against the corporation or its liquidator, there is no authority in law which forbids their pursuing Thomas H. Stanley and Mrs. Bonnie L. Stanley as successors to the corporation. With certain qualifications, which are hereinafter discussed, and under the factual allegations of the several petitions, we think plaintiffs' position correct. As we read the opinion of the McCoy case, it does not hold that a claimant must obtain the annullment of a dissolution certificate as a condition precedent to his obtaining redress, as against the corpora-

tion's successors and in an appropriate case, on an obligation arising prior to the liquidation proceeding. It so happened that in the cited case several suits against the corporation were pending when the liquidation was begun and completed; and the court held that in view of the pending litigation plaintiff was entitled to a decree annulling and setting aside the dissolution certificate, as prayed for by her.

■ In substance the plaintiffs' averments of fact in the instant case disclose, and we must consider them as being true and correct for the purpose of passing on the exceptions of no cause and no right of action, that the accident complained of occurred on July 6, 1936. On this date the alleged tortfeasor corporation, the Alexandria Nehi Bottling Company, Inc., was legally existing and operating. The issued stock of the corporation totaled 99 shares, of which number 98 were owned by defendant, Thomas H. Stanley, and the remaining one by the other defendant, his wife. The certificate of the Secretary of State issued October 6, 1936, or three months after the occasion of the alleged tort herein sued on. In the liquidation and dissolution proceedings, all of the assets of the corporation were acquired by said defendants proportionately according to the number of shares owned by each, and they continued and are now continuing the operation of the business of the corporation under the trade name of Nehi Bottling Works.

From the situation just outlined, the question arises: Can a tort claimant, who is granted a right of action by law, be deprived of all remedy for redress by the dissolution and liquidation of the tortfeasor corporation and the delivery of all of its assets to the stockholders who continue the business, under a partnership arrangement or otherwise, as a going concern? We think not.

It is not our belief that the dissolution of the corporation in question was effected for the purpose of defeating the claims on which this suit is based. Perhaps, economic reasons, such as to avoid payment of the corporation franchise tax, prompted the action. But, be that as it may, if the law demanded an affirmative answer to the question propounded in the preceding paragraph, cases could and no doubt would arise wherein a tortfeasor corporation, having no valid and legal defense as against the injured claimant, dissolves its corporate existence and transfers all assets to the stockholders, who continue operation of the business, with the sole purpose and view of preventing a mulcting in damages.

There seems to be no statutory law of this state expressly covering the situation with which we are here presented. Article 21 of the Louisiana Civil Code states:

"In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent."

The codal article just quoted was invoked by the Supreme Court in Fudickar v. Inabnet, 176 La. 777, 146 So. 745. The plaintiff in that case held a note signed by the Jordan Drilling Company. Subsequent to the maturity of the note, there was effected a liquidation of that corporation, and its entire assets were distributed among the stockholders. The liquidation was completed and the liquidator discharged without provision being made for the payment of plaintiff's claim. Thereafter, plaintiff instituted suit against the directors and stockholders to recover therefor. Each of the defendants had received from the corporation property in excess of the amount of the note. In affirming the judgment of the trial court, which was in plaintiff's favor, the Supreme Court, speaking through Mr. Justice Rogers, said (page 746):

"The case is one in which the debtor corporation has been liquidated, the liquidator discharged, and the corporate assets distributed among the former directors and stockholders. If in these circumstances no liability for the corporate debts attaches to the distributees, the plaintiff occupies the anomalous position of the possessor of a right without a remedy to enforce it.

"We think the several provisions of Act No. 250 of 1928 to which we have referred are broad enough to cover a case of this kind. But, if we are wrong in this, we think plaintiff is entitled to a remedy under the equity powers conferred upon the courts of the state by article 21 of the Civil Code, particularly in view of article 3183 of the Civil Code, which declares,

" 'The property of the debtor is the common pledge of his creditors.' "

Also in the opinion from which we have just quoted the case of Brown v. Union Insurance Company, 3 La.Ann. 177, was referred to as holding that "a corporation

never can dissolve itself so as to defeat any of the just rights of its creditors."

Assuming that plaintiffs' claim, with respect to the negligent preparation of the bottled beverage, was meritorious as against the corporation, we paraphrase a statement from the opinion of the Fudickar Case, supra, and say: if in these circumstances no liability for the injury occasioned by the negligence of the corporation attaches to the distributees of its assets, Mr. and Mrs. Stanley, the plaintiffs occupy the anomalous position of the possessors of rights without remedy to enforce them. These rights were granted by Article 2315 of the Civil Code; and it may be observed that they were sought to be asserted within the prescriptive period fixed by law.

█ A distinction is noted between the Fudickar Case, supra, and the one at bar in that there a contractual obligation was involved, while here the obligation arises from the alleged commission of a tort and is one imposed by statutory enactment. However, if equitable principles dictate and compel the granting of relief to the plaintiff in the cited case, they should play a like part with similar results with reference to these claimants. Of course, defendants, Thomas H. Stanley and Mrs. Bonnie L. Stanley, could not be individually liable for more than the value of the assets of the corporation which each received.

Accordingly, the judgment sustaining the exceptions of no cause and no right of action is reversed and set aside, said exceptions are overruled, and the case is remanded to the trial court for further proceedings according to law and consistent with the views herein expressed. Defendants shall pay the costs of this appeal while all other costs shall abide the final determination of the case.

On Rehearing.

HAMITER, Judge.

█ A rehearing was granted in this case to permit our giving further consideration to the questions: (1) Are the allegations of fact in the petitions of plaintiffs sufficient to disclose that the operations of defendants, Thomas H. Stanley and his wife, Mrs. Bonnie L. Stanley, constituted merely a continuation of the business of the dissolved corporation? and (2) are plaintiffs precluded from proceeding against the corporation's successors because of the fact that their claim is one arising in tort rather than under a contract?

Further study of plaintiffs' allegations, particularly those found in articles 3 and 4 of the second supplemental petition which are quoted in our original opinion, compels a re-instatement of our conclusion that the first question must be answered in the affirmative. The pleadings show that the husband and wife owned all of the issued shares of the corporation, and upon the dissolution they acquired all of its assets and continued the operation of the business. Even if it be assumed that those individuals paid a valuable consideration to the liquidator for the corporation's assets, necessarily that consideration was returned to them because of their being the sole stockholders. The transaction amounted to nothing more than a bookkeeping entry, or, as plaintiffs' counsel state, "taking money out of one pocket and putting it into another".

We are still of the opinion that plaintiffs are entitled to proceed against defendants, the alleged successors of the corporation, notwithstanding the fact that their claim is founded in tort and is unliquidated.

In the case of Wolff v. Shreveport Gas, Electric Light & Power Co., 138 La. 743, 70 So. 789, L.R.A.1916D, 1138, the Supreme Court stated (page 794):

"According to the consensus of judicial opinion in this country, a newly organized corporation is liable for the debts of an old one, to the business and property of which it has succeeded, where it is shown that the succession was the result of a transaction entered into in fraud of the creditors of the old corporation, or that the circumstances attending the creation of the new, and its succession to the business and property of the old, were of such a character as to warrant the finding that the new, is merely a continuation of the old, corporation.

* * * * * *

"In the case of a sale, in good faith, of the property and business of a strictly private corporation, duly authorized by its shareholders, to a third person, for an adequate consideration, the property would no doubt pass free of incumbrance, and the creditors would be relegated to the proceeds in the hands of the debtor corporation; but, where the purchaser is a new corporation, composed of the same shareholders as the old, the transaction, in no manner, affects the rights of the creditors of the old corporation, who may proceed for the recovery

of the amounts due them against either corporation, or both; *and that, whether the claims be founded in contract or tort,* since the real debtor, though represented by two corporations instead of one, remains the same, in contemplation of law." (Italics ours.)

The status of the Stanleys in the instant case, is somewhat similar to that of the new corporation in the Wolff Case. They were the sole stockholders of the alleged tort feasor corporation and succeeded to its business and assets; and by reason thereof they are liable for all debts of the dissolved corporate entity.

Our former judgment appears to be correct, and it is now reinstated and made final.