LOTTINGER, Judge.
This is a suit for damages ex delicto filed by Ronald Crisp and his wife, Mrs. Betty Crisp, as petitioners, against Instantwhip— New Orleans, Inc. The Lower Court rendered a judgment in favor of defendant and dismissed petitioners’ suit The petitioners have appealed.
The petition in this suit was filed on July 27, 1964. In the said petition, the petitioners seek to recover damages allegedly sustained by them as a result of a collision which occurred on January 30, 1964, near Hammond, in the Parish of Tangipahoa, Louisiana. The accident' occurred when a 1963 model Ford automobile owned by petitioner, Ronald Crisp, but operated by his wife, Mrs. Betty Crisp, was struck by a truck allegedly owned and operated by defendant. Although the defendant herein is a corporation, nowhere in the petition is it alleged that the defendant’s vehicle was, at the time of the accident, being driven with the permission or knowledge of the defendant corporation, nor by any of its servants, agents or employees. As a matter of fact, the name of the operator of the vehicle at the time of the accident is not set forth in the petition.
In due course an answer was filed by defendant in which it admitted the occurrence of a collision, however, in all other respects, the allegations of the petition were denied. The answer further sets forth *613 that the accident was caused solely and only by the gross acts of negligence on the part of Mrs. Crisp. In the alternative, the defendant pleaded contributory negligence.
The petitioner subsequently filed a supplemental and amended petition in which they added a paragraph in which they plead the doctrine of discovered peril and sudden emergency. Defendants denied these allegations in a supplemental and amended answer.
The case was subsequently tried on February 2, 1965. After all evidence was closed and the case was submitted to the Court, the defendant did thereupon, in open Court, file peremptory exceptions of no right and no cause of action. The exceptions were directed at the fact that the petitioners did not plead, nor did they offer proof, to the effect that the defendant’s vehicle was, at the time of the accident, being operated with the permission or knowledge of the defendant corporation, nor by any of the defendant’s agents, employees or servants acting in the scope of their employment with defendant. After oral argument was had on these exceptions, same were taken under advisement by the Court and the opposing counsel were granted time for filing memorandum briefs in connection with the exceptions. Thereafter, on February 15, 1965, the defendant filed a motion to withdraw the peremptory exceptions of no right and no cause of action and submitted the case to the Court for a decision on the merits.
On June 1, 1965, the petitioners filed a rule to show cause why the case should not be reopened for the limited purpose of permitting the petitioner to add to the record the necessary evidence to show, that at the time of the accident, the vehicle of the defendant was being operated by its employee acting within the course and scope of his employment with defendant. Opposition to the rule was filed by defendant on June 16, 1965, and was heard by the Lower Court on June 17, 1965, after which the Lower Court dismissed the rule. On December 6, 1965, the Lower Court rendered its written reasons for judgment on the merits in favor of defendant and against petitioner, dismissing the petitioner’s suit. The formal judgment was rendered on December 6, 1965, and signed on December 17, 1965. There also appears of record a motion by petitioner for a new trial, which was filed on December 21, 1965, however, this motion is not signed by the Lower Court.
In substance, the petitioner claims that the Lower Court erred as follows:
(1)
In permitting the defendant to withdraw its exception of no right or cause of action without giving petitioner an ■ opportunity to offer evidence in opposition to the exception.
(2)
In failing to reopen the case to permit the petitioner to submit more evidence relative to the employment of the driver of the defendant’s truck.
With regard to the first error alleged by the petitioner, i. e., in permitting the defendant to withdraw its exception of no right or cause of action without permitting petitioner to submit evidence in opposition to the exception, we fail to find any error on the part of the Lower Court. The exception filed by the defendant was really an exception of no cause of action which permits of no introduction of evidence. The last paragraph of Article 931 of the Louisiana Code of Civil Procedure provides that: “No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.”
Even were the law to be to the contrary, the introduction of such evidence upon the trial of the exception would not have been permissible because such evidence would have constituted an enlargement of the pleadings, and would not have *614 been admissible over timely objections by the defendant.
The second allegation of error by the Lower Court was its refusal to reopen the case for the purpose of permitting petitioner the opportunity of introducing evidence concerning Mr. Scullin’s employment at the time of the accident. Mr. Scullin was apparently the driver of the defendant vehicle at the time of the accident. The motion filed by petitioner, however, was not filed until some four months after trial on the merits and submission of the case to the Court for a decision. A reopening of the case for the limited purposes as set forth in the motion by petitioner would have been of no avail to the petitioner as it would also be necessary for him to amend his petition in order to permit the introduction of such evidence.
According to the provisions of Article 1151 of the Louisiana Code of Civil Procedure, a petitioner may amend his petition without leave of Court at any time before the answer is served. Otherwise, the petition may be amended only by leave of Court or by written consent of the adverse party. Thus, after the filing of answer, it is within the discretion of the Court to permit or refuse an amendment to the petition.
Article 1154 of the Louisiana Code of Civil Procedure, which is cited as supporting petitioner, provides as follows:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.” (Emphasis ours.)
This article permits a continuance by the Lower Court so as to allow pleadings to be amended during trial when the presentation of the merits of the action will be subserved thereby. This article, however, does not provide for amendments sought to be made after trial on the merits and after the matter has been submitted to the Court for a decision.
In Wallace v. Hanover Insurance Company of New York, La.App., 164 So.2d 111, this Court, in considering the provisions of Art. 1154, said:
“The second part of Article 1154 embodies the second Federal procedure and is applicable where evidence is objected to at the trial. Under this procedure the trial judge may allow an amendment to facilitate a full hearing on the merits, provided there is no prejudice to the opposing party. The comment found in our code, however, tends to limit this judicial power to a case where the amendment cures a defective pleading, excluding cases where the amendment seeks to raise a new cause of action or a new affirmative defense. The reason for this is that it is difficult to imagine a case where there would not be prejudice to the opposing party if new causes of action or new defenses were raised during the trial. The article does, however, authorize the trial judge to grant a continuance to allow the party to meet the evidence. The continuance itself, however, may be prejudicial to a party anxious to have his case heard and, therefore, the judicial discretion granted to allow amendments which raise new issues *615 during the trial should he most closely guarded” (Emphasis supplied)
In its written reasons for judgment, the Lower Court also refused to reopen the case saying: .
“In this case the evidence clearly establishes that Scullin was the driver and the defendant corporation was the owner of thé truck when the accident occurred. There the allegations and proof stop insofar as showing any connection between the driver and owner of the truck. Scullin’s name is not mentioned in the pleadings nor is there any proof whatsoever establishing that Scullin was driving the truck with the knowledge, consent or permission of the defendant. Likewise, there is a complete absence of any proof that Scullin was an employee or agent of the defendant.
In the opinion of the Court reopening this case would constitute an abuse of the latitude and discretion reposed in a trial judge under the particular circumstances with which we are confronted here.
It is almost superfluous to say that the plaintiffs have failed to prove their demand against the defendant, and, of course, this conclusion obviates the need of determining the merits of the case.
The motion and rule to- reopen the case will be vacated, rescinded and recalled, and judgment will be rendered upon presentation rejecting plaintiffs’ demands at their cost.”
We find no error in the decision of the Lower Court. As a matter of fact, to have reopened the case to permit the petitioner to amend his petition and to submit evidence in accordance with said amendment, some four months after the matter had been tried and submitted for a decision, would have been an abuse of discretion by the Lower Court. Such would not have only been prejudicial to the defendant, who was anxious to have his case heard and disposed of, but would have imposed an undue hardship upon the Court as well as all parties concerned. It would have resulted in lengthy and piece-meal litigation as to the issues presented for decision. Although the code provides liberal rules of procedure, these rules are not without limitation, and they are to be applied in the instance of justice. The Lower Court did not abuse its discretion in refusing to reopen this case.
For the reasons hereinabove set forth, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.