225 So.2d 241 (1969)
Mrs. Homer COLLINS, Testamentary Executrix of Estate of Ike Collins, Plaintiff-Appellee,
v.
RICHLAND AVIATION SERVICE, INC., Defendant-Appellant.
No. 11236.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1969.
*242 Cotton & Bolton, Rayville, for defendant-appellant.
Warren Hunt, Carey J. Ellis Jr., Rayville, for plaintiff-appellee.
Before GLADNEY, AYRES and PRICE, JJ.
PRICE, Judge.
A writ of certiorari was granted by this court to review the action of the trial judge in allowing the filing of a supplemental petition by ex parte order after the case had been tried on the merits and written reasons of the court deciding the case had been filed. This action was brought by Mrs. Homer C. Collins, mother of Ike Collins, to recover from Richland Aviation Service, Inc. the proceeds of a life insurance policy carried by it on the life of plaintiff's son.
Ike Collins, Jr. was killed on August 26, 1965, while flying a crop dusting plane belonging to Richland Aviation Service, Inc. A life insurance policy in the amount of $10,000.00 was being carried on his life by Richland Aviation Service, Inc., who was named as sole beneficiary in the policy. The plaintiff based her cause of action on the theory that Richland Aviation Service, Inc. had no insurable interest under the law of this State as declared in LSA-R.S. *243 22:613. After disposition of certain preliminary exceptions the case was tried on the merits on April 5, 1967, and was submitted to the trial judge on briefs on August 20, 1967. On May 2, 1968, the trial judge filed written reasons for judgment in favor of plaintiff. On May 15, 1968, counsel for Richland Aviation Service, Inc. filed a pleading in the case, giving notice that the Richland Aviation Service, Inc. had been dissolved. On December 23, 1968, a supplemental petition was filed by plaintiff, making Charles L. Morris and Dallas Thomason parties defendant.
Under the allegations of the supplemental petition plaintiff seeks to recover from these two individuals the amount of any judgment that would have been rendered against the corporation. Several alternative demands are made against the individual defendants. First, it is alleged that they, along with their wives, were the owners of all the stock of the defendant corporation since 1962, and that the corporate entity was disregarded and the business was run as an individual venture since 1962. On this basis plaintiff seeks judgment in solido against the individuals named as defendants in this petition. Alternatively, it is alleged that even if the corporate identity were maintained, the two individuals who were the sole shareholders, officers and directors of the corporation, did unlawfully liquidate the corporation at a time when there was an outstanding claim against the corporation, and have therefore become liable at least to the extent of any sums which were received by them in distribution of assets up to the limit of plaintiff's claim against the corporation.
Morris and Thomason filed a motion to strike and an exception of no cause or right of action, each based on the contention that the supplemental petition filed by defendant should not have been allowed for two reasons: (1) the petition seeks to raise new issues entirely unrelated to the issues presented in the original petition and is an attempt to re-open a case, after trial on the merits, to substitute new parties to the action; (2) the court allowed the filing of the supplemental petition after the matter had been submitted for decision without notice to defendants and without a contradictory hearing in contravention of the provisions of the Louisiana Code of Civil Procedure.
The motion to strike and the exception of no right or cause of action were overruled and writs were applied for and granted by this court.
Although we are not required at this time to decide the ultimate extent of the liability of Morris and Thomason, we do conclude that the plaintiff's supplemental petition does state a cause and right of action in alleging that these individuals are liable to the extent of any assets of the corporation which were distributed to them under the liquidation proceeding.
The Supreme Court of this State has held that where a corporation is dissolved and there are in existence outstanding claims against it which are disregarded by the liquidator, the persons possessing claims have a right of action against the former stockholders who have become distributees of the assets at least to the amount received from the distribution. Fudickar v. Inabnet, 176 La. 777, 146 So. 745 [1933]. This case was followed by this circuit in Ortego v. Nehi Bottling Works, La.App., 182 So. 365 [2d Cir., 1938].
Our corporation statutes have changed since the rendition of these decisions, but the principles laid down in these cases continue to be applicable today.
In the case of Fudickar v. Inabnet, supra, the court made the following comment:
"The case is one in which the debtor corporation has been liquidated, the liquidator discharged, and the corporate assets *244 distributed among the former directors and stockholders. If in these circumstances no liability for the corporate debts attaches to the distributees, the plaintiff occupies the anomalous position of the possessor of a right without a remedy to enforce it.
"We think the several provisions of Act No. 250 of 1928 to which we have referred are broad enough to cover a case of this kind. But, if we are wrong in this, we think plaintiff is entitled to a remedy under the equity powers conferred upon the courts of the state by article 21 of the Civil Code, particularly in view of article 3183 of the Civil Code, which declares,
"`The property of the debtor is the common pledge of his creditors.'"
Article 1155 of the Louisiana Code of Civil Procedure provides for the filing of supplemental pleadings as follows:
"The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein."
To comply with the provisions of this article, the cause of action must have become exigible since the date of the filing of the original petition and must be related to or connected with the causes asserted in the original action. In the instant case, the dissolution was accomplished after the filing of plaintiff's original petition. The matters asserted in the supplemental petition do not change the nature of plaintiff's original action. They simply seek to maintain plaintiff's right to enforce any judgment obtained against additional defendants who have allegedly succeeded to the obligations of the corporations by their illegal liquidation of same.
In the case of Ortego v. Nehi Bottling Works, supra, the plaintiffs brought in additional defendants by means of a supplemental petition after discovering that the corporation made defendant in the original petition had been dissolved. Although this case was decided prior to the effective date of the Louisiana Code of Civil Procedure 1960, we do not find that the provisions of Article 1155 of the Code renders the case inapplicable to the present situation. We believe the Ortega case supports the plaintiff's position that she may pursue the successors to the assets of the dissolved corporation's assets by means of a supplemental petition.
We are ever aware of the underlying objective of the Code of Civil Procedure to prevent a multiplicity of actions where possible. We believe that this purpose would best be served by allowing the plaintiff to bring these individual defendants into the present action by supplemental petition rather than to require that she bring a separate action. If this was not allowed, the plaintiff would be forced to relitigate the same issues that have been tried and decided by the district court, causing unnecessary expense and undue delay.
The case of Crisp v. Instantwhip, La. App., 196 So.2d 612 [1st Cir., 1967], is cited in support of defendant's position that it is an abuse of the discretion of a trial judge to allow an amendment of a petition raising a new cause of action after the case has been tried on the merits.
The cited case may be distinguished simply by pointing out that the plaintiff in that case failed to allege in his original petition matters which were essential to establish a cause of action, and after trial attempted to rectify the deficiency by an amended petition. The matters omitted were in existence and within the knowledge *245 of plaintiff's counsel prior to filing his original petition. The court therefore found it would be unjust and a hardship on the defendant and the court to allow plaintiff to re-open the case under those circumstances.
In the case under consideration, the matters urged by the supplemental petition occurred after trial on the merits and were connected with and related to the original cause of action. In practical effect, the joining of the defendants, Morris and Thomason, is in the nature of a substitution of parties defendant based on factual allegations that they have become successors to the obligations of the former corporation by their actions in liquidating it.
We recognize that as a general rule the provisions of Article 1155 requiring reasonable notice would require a contradictory motion to be served on the adverse party or his attorney, and only after a hearing could the court allow the filing of the supplemental pleading. Wallace v. Hanover Insurance Company of New York, La.App., 164 So.2d 111 (1st Cir., 1964). However, as recognized in the Hanover case, the Code is silent as to what constitutes reasonable notice and this must be left to the discretion of the trial judge. In the case just mentioned, the court pointed out that it is necessary to examine the circumstances of each case as to determine whether the trial judge had abused his discretion. This expression of itself is an admission that the court felt that under some unusual circumstances the court might allow a supplemental pleading on ex parte order without abusing its discretion.
The circumstances of the case herein under consideration are unusual. We can see no prejudice to the rights of the defendants, Morris and Thomason, by the action of the trial judge in allowing the filing of the petition joining them as defendants without a hearing. They have urged their opposition to the procedure utilized by a plaintiff by way of a motion to strike and were heard by the court prior to its overruling the motion.
Defendant's counsel accepted service of the supplemental petition, reserving all legal delays and rights. They have the usual delay for answering the allegations of the petition and the effect of any judgment rendered in the original matter may not be extended to defendants without a trial on the issues raised by plaintiff which seek to involve these defendants. We therefore do not find that, under the circumstances of this case, the trial judge has abused the discretion vested in him in allowing the filing of the supplemental petition by plaintiff.
For the foregoing reasons, the writ of certiorari issued herein is recalled at relator's costs, and the case remanded to the Fifth Judicial District Court for Richland Parish for further proceedings consistent with the views expressed herein and in accordance with law.