295 So.2d 520 (1974)
H. M. BRISTOL, II
v.
William KORAL and Margaret Koral et al.
No. 9828.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
*521 Joel B. Dickinson, Baton Rouge, for appellant.
Roland C. Kizer, Jr., Baton Rouge, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge:
This is a suit for a real estate commission brought by plaintiff H. M. Bristol, II, against William Koral, Margaret R. Koral, and Vincent L. Vince. William Koral and Margaret R. Koral filed exceptions of no cause of action which were maintained, and the judgment dismissing the suit as to them is final. No pleadings were filed by Mr. Vince, and a preliminary default was entered against him on April 13, 1973.
In attempting to confirm his default judgment, plaintiff introduced evidence before Judge Jess Johnson on April 27, 1973. No transcript was made of the evidence introduced on that date, and the case was laid over for additional evidence. On July 13, 1973, plaintiff introduced further evidence before Judge Luther Cole, a transcript of which appears in the record, and the case was submitted for judgment on confirmation of default. Judgment was rendered dismissing plaintiff's suit, and plaintiff has appealed.
Plaintiff was a licensed real estate salesman, in the office of The Guaranty Agency, Inc., a licensed real estate broker. Acting as such, he negotiated a sale of certain property from William and Margaret R. Koral to Vincent L. Vince and Joseph B. Modicut. The purchase agreement provides for a commission of $3,500.00 to be paid to The Guaranty Agency, Inc., and further states:
"Purchaser agrees to pay Realtor's commission in the event purchaser fails to perform under this contract."
Eventually, the sale fell through because of the inability of the purchasers to obtain financing, and the Korals accepted the forfeiture of a $1,500.00 deposit and waived any further penalty under the contract.
John Terry, general manager of The Guaranty Agency, Inc., testified that the Agency voluntarily waived its commission in the matter, and that it generally followed this practice as a matter of policy when one of two parties to a sales contract was unable to perform. He further testified that plaintiff did everything necessary to complete the sale, and would have been entitled to receive 60% of the commission, had there been a commission.
We are advised in the plaintiff's brief that the trial court predicated its judgment on the premise that "plaintiff had no right to bring this suit for his interest alone; that his interest in the commission rode with the claim by the realtor, and unless the realtor enforced its claim against defendant, plaintiff was without standing to enforce his interest."
Plaintiff now claims that the court erred in supplying a defense not urged by the defendant, and in holding plaintiff to be without a remedy against defendant Vince for the above reason.
Article 1702 of the Code of Civil Procedure requires that a plaintiff prove a prima *522 facie case before judgment can be rendered in his favor. He must show he is entitled to judgment as a matter of law as well as a matter of fact.
A "real estate salesman", such as plaintiff, is one who is employed, directly or indirectly, by a licensed real estate broker to buy, sell, or negotiate for the sale of real estate. See R.S. 37:1431(4). He must be licensed as such. R.S. 37:1437. A salesman cannot hold a license unless he is in the employ of a licensed broker. R.S. 37:1438, 1442, 1443. R.S. 37:1451 proides:
"No real estate salesman shall accept a commission or valuable consideration for the performance of any act herein specified from any person, except his employer who is a licensed real estate broker."
From the foregoing, it can be seen that a real estate salesman is entirely dependent on his employment by a broker for his status as such, and is not permitted by law to receive his compensation from anyone other than the broker by whom he is employed.
The broker in this case, The Guaranty Agency, Inc., is the only person entitled to receive the commission specified in the agreement of sale executed by the Korals and Mr. Vince. It has elected not to enforce whatever rights it might have under the contract. Plaintiff is precluded by law from urging his claim personally against the defendant herein. The deficiency in his case is one of substance on its merits, and not one of capacity. We think the trial judge was required to consider the legal sufficiency of plaintiff's case, and that he properly disposed of the issues presented.
The authorities relied on by plaintiff are factually and legally inapposite.
The judgment appealed from is affirmed, at plaintiff's cost.
Affirmed.