WATKINS, Judge:
This is an action for personal injuries arising out of a truck-car collision involving a truck driven by Noah Sellers and a car driven by Allen Judson, plaintiff, in which Ronald Judson, plaintiff, was a passenger. The original petition was filed January 3, 1979, naming Northside Motor Exchange, Inc., a corporation, Sellers’ alleged employer, and The Hanover Insurance Companies, its alleged insurer, as defendants. Trial on the merits was held on June 17, 1980. On that date plaintiffs did not establish that Northside was the employer of Sellers or that Hanover was Northside’s insurer. The trial was held open for the limited purpose of permitting plaintiffs to establish that Northside was Sellers’ employer. On June 27, 1980, plaintiffs sought to amend their petition to name Sellers as an additional defendant. The order permitting the filing of the pleading was denied, as the trial was in progress.
On July 17, 1980, plaintiffs sought again to amend their petition, alleging that Roadrunner Motor Rebuilding Company, a corporation which it alleged was owned by the same individual as Northside, was Sellers’ employer. That amended petition was ordered filed. On July 31, 1980, Northside, Hanover, and (in the body of the pleading) Roadrunner filed a motion to strike or alternatively an exception of prescription as to the amended petition.
The trial on the merits was concluded on August 22, 1980. At that time, it was shown that Roadrunner, not Northside, was Sellers’ employer. It was further shown that James Adams owns a controlling interest in both Northside and Roadrunner, that the two corporations have separate places of business, and separate equipment and employees, and perform different kinds of work. No evidence was introduced showing that either Northside or Roadrunner was insured by Hanover.
The trial court signed judgment on July 28, 1980, in favor of Northside and Hanover, dismissing them as defendants. On August 25,1980, the trial court signed judgment granting the motion to strike and dismissing Roadrunner, with prejudice. Plaintiffs appealed both the judgment dismissing Northside and Hanover and the judgment dismissing Roadrunner. However, its contentions on appeal are restricted to the judgment dismissing Roadrunner.
The motion to strike is regulated by LSA-C.C.P. art. 964. That article, quoted in full, reads as follows:
“The Court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. The motion of a party shall be filed within ten days after service of the pleading upon mover, except that a defendant may move to strike any matter from the petition at any time within fifteen days of the service.”
We think it clear the motion to strike was properly granted. The trial was left open so that plaintiff could establish that North-side was defendant’s employer. Instead, plaintiff proved that he was not. The amended petition attempted to join a new party defendant, as to which the case would have to be re-tried, since it was not a party to the case when the trial took place.
It is true that Article 1154 of the Code of Civil Procedure permits liberal amendment of pleadings, and that, under certain circumstances, parties may be joined or substituted, even after trial. Collins v. Richland Aviation Service, Inc., 225 So.2d 241 (La. App. 2d Cir. 1969).
However, in this case, which had been fully tried by both sides, and which was left open for a limited purpose only, an attempt to add a new party defendant at that time comes too late, and is not material to the issues already tried in the case. If plaintiff has any rights against this new defendant, they should be asserted in a separate proceeding and the instant litigation brought to an end.
*453 The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.