432 So.2d 1039 (1983)
Patsy F. COOK
v.
Lee J. MATHERNE, et als.
No. 82 CA 0483.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*1040 Ronald G. Hand, Covington, for plaintiff, appellee, Patsy Cook.
Roy Burns, Covington, for defendant, appellant, Succession of Joseph S. D'Antoni, M.D.
Clint L. Pierson, Jr., Covington, for defendant, intervenor, Erwin Realty, Inc., and defendant, appellee, Arthur Lancaster.
Henry A. Mentz, Jr., Hammond, for defendants, appellees, American Ins. Co., Joseph S. D'Antoni, M.D., and Lee Matherne.
Lawrence J. Molony, New Orleans, for defendant, Estate of Lee J. Matherne.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an action brought by Mrs. Patsy F. Cook against Lee J. Matherne, Dr. Joseph D'Antoni, Erwin Realty, Inc., Arthur Lancaster, and American Insurance Company, to obtain a commission allegedly due her as real estate salesman. Later, Lee Matherne died and Joyce Dupre Matherne, testamentary executrix of the estate of Lee Matherne, was substituted as a party defendant.
Trial on the merits was held on September 13, 1977. Subsequently, on December 12, 1977, Erwin Realty, Inc. filed with leave of court a pleading in the same proceeding styled "Petition of Intervention" seeking judgment against Dr. D'Antoni alleging it was entitled to a commission of $27,900.00 as procuring cause of an act of sale from Dr. D'Antoni to Lee Matherne passed February 19, 1974.
Underlying the suit and subsequent pleadings were the following facts:
Dr. D'Antoni entered into a non-exclusive listing agreement with Erwin Realty, Inc. offering for sale certain property in Tangipahoa Parish. Erwin Realty agreed to pay a real estate salesman employed by it, Patsy Cook the plaintiff, one-half of all commissions received through her efforts in the sale of this property. Later, through the efforts of Patsy Cook, a buyer was found for the property, Lee Matherne, who on July 26, 1973, executed a purchase agreement to purchase the property for $650,000.00 which instrument was also executed by Dr. D'Antoni, and provided for a 4½% commission to Erwin Realty, Inc. The testimony is in conflict as to the causes leading up to the failure to consumate the sale, but the sale did not take place. Subsequently, on September 24, 1973, Erwin Realty, Inc. executed a receipt and release, which released Dr. D'Antoni from paying the real estate commission in consideration of the sum of $1.00 and other valuable consideration paid by Dr. D'Antoni and Lee Matherne. This other valuable consideration was subsequently shown at trial on the merits in the present case to have been the sum of $5,000.00, paid to Erwin Realty, Inc. Patsy Cook has not received any portion of the $5,000.00 paid as consideration for execution of the release.
*1041 On October 30, 1973, Dr. D'Antoni and Lee Matherne entered into a new purchase agreement for the same property, without aid of a real estate broker, for the sum of $620,000.00. On February 19, 1974, Dr. D'Antoni sold the property to Lee Matherne for the price of $620,000.00. No real estate commission was paid resulting from this sale.
The trial court rendered judgment on March 10, 1982,[1] in favor of Patsy Cook and against Erwin Realty, Inc. for $13,950.00, and judgment in favor of Erwin Realty, Inc., and against the Succession of Joseph D'Antoni in the sum of $22,900.00, finding in written reasons for judgment that Erwin Realty was the procuring cause of the sale from Dr. D'Antoni to Lee Matherne, and was entitled to a commission on the sale that took place February 19, 1974.
The judgment in favor of Erwin Realty, Inc. against the Succession of D'Antoni was founded upon the petition of intervention filed by Erwin Realty, Inc., subsequent to trial. The Succession of D'Antoni contends that the trial court abused its discretion in permitting the filing of the petition of intervention, as it was filed subsequent to trial, and, hence, the judgment against it should be set aside. We find ourselves in agreement with this contention.
The sole parties to the so-called petition of intervention were Erwin Realty, Inc., plaintiff, and Dr. D'Antoni, defendant. As Erwin Realty, Inc., was a co-defendant to Dr. D'Antoni in the principal action, the pleading should have been styled a third party demand rather than a petition of intervention. See LSA-C.C.P. arts. 1091, 1111. As pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption, we will consider the petition of intervention as being a third party demand. See Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980), Footnote 2, p. 402. In any event, both interventions and demands against third parties are incidental demands, as are reconventional demands. LSA-C.C.P. art. 1031.
The time at which an incidental demand may be filed is governed by LSA-C.C.P. art. 1033, which reads as follows:
"An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
"An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
"An incidental demand that requires leave of court to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted."
In providing that an incidental demand may be filed after answer to the principal demand is filed, with leave of court, if the filing will not retard the progress of the principal demand, LSA-C. C.P. art. 1033 obviously is based upon the assumption that an incidental demand will never be filed after trial on the merits is conducted, as it is fundamental to our scheme of procedure that there must be notice prior to trial. The entire scheme of the Code of Civil Procedure contemplates notice prior to taking up the incidental demand for trial. LSA-C.C.P. art. 1035 provides for the delay for filing an answer to an incidental demand, and art. 1034 provides for the filing by defendant in an incidental demand of the same exceptions available to a defendant in a principal action, except the exception of improper venue. (In the present case, third party defendant Dr. D'Antoni did file an answer, but both the pleading styled petition of intervention and the answer were filed subsequent to trial.[2]) It is fundamental to our *1042 system of laws that there be notice prior to trial, except in certain extraordinary cases, such as executory process, and that trial in ordinary proceedings cannot be held until issue is joined. LSA-C.C.P. art. 1571; Jackson v. Hannie, 225 So.2d 385 (La.App. 3d Cir.1969). An incidental demand of the type filed by Erwin Realty is a form of pleading permitted in an ordinary proceeding. See Caption, Book II, Title I, Louisiana Code of Civil Procedure. Because trial took place in the present case before the notice given by filing and serving the third party demand styled petition of intervention and before joinder of issue, the third party demand was never properly taken up, and judgment rendered thereon must be set aside. Hence, we set aside the judgment in favor of Erwin Realty, Inc. and against the Succession of D'Antoni, and dismiss the intervention as of nonsuit.
A real estate salesman by statute is forbidden to recover any commission except from his employer. See LSA-R.S. 37:1446; Bristol v. Koral, 295 So.2d 520 (La.App. 1st Cir.1974). Hence, Mrs. Cook cannot obtain any portion of her commission from Dr. D'Antoni's succession, as was properly noted by the trial court. Her sole right to recover her commission lies against Erwin Realty, Inc. As we are herein setting aside the judgment in favor of Erwin Realty, Inc., as of nonsuit, at the present time the sole claim that Mrs. Cook has against Erwin Realty, Inc., is for one-half of the sum of $5,000.00 received by Erwin Realty, Inc., as consideration for executing the receipt and release dated September 24, 1973, mentioned above, although she may have a right to an additional sum should Erwin Realty prevail in a subsequent action against the Succession of D'Antoni or its succession representative. Accordingly, we reduce the judgment of the trial court in favor of Patsy Cook and against Erwin Realty, Inc. to the sum of $2,500.00.
Judgment is rendered reversing and setting aside the judgment of the trial court in favor of Erwin Realty, Inc. and against the Succession of Joseph S. D'Antoni, M.D., in the sum of $22,900.00, and the "intervention" upon which that portion of the trial court's judgment is based is dismissed, without prejudice, as of nonsuit.
*1043 Judgment in favor of Patsy F. Cook and against Erwin Realty, Inc., is reduced to the sum of $2,500.00, and rendered.
In all other respects the judgment of the trial court is affirmed.
All costs of this appeal are assessed against Erwin Realty, Inc.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
SHORTESS, Judge, concurring.
I concur in the result. This record shows that trial on the merits was held on September 13, 1977. The case was held over for thirty days to permit taking of the deposition of H. Minor Pipes, which was filed on November 4, 1977. On December 12, 1977, the trial court permitted Erwin Realty, Inc.'s petition of intervention against Joseph S. D'Antoni, M.D. This petition was really a third party demand wherein Erwin Realty sought to recover a commission on the February 19, 1974 sale between D'Antoni and Matherne, under the doctrine of procuring cause.
It was an abuse of discretion for the trial court to permit this incidental demand (regardless of its merit) after the record was completed and briefs had been ordered.[1]
The pertinent portion of LSA-C.C.P. art. 1033 provides:
"An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, ..."
See: Crisp v. InstantwhipNew Orleans, Inc., 196 So.2d 612, (La.App. 1st Cir.1967).
I agree with the trial court's desire to achieve justice in this case, as I too feel that Patsy Cook was the procuring cause for the sale and should receive her commission. I do not agree, however, that the orderly parameters within which a trial is to be conducted may be altered when the Code of Civil Procedure provides otherwise. This incidental action filed after the case had been completed did "retard the progress of the principal action."
Accordingly, I concur.
NOTES
[1] Amended judgment was rendered on April 5, 1982, which had the additional effect of dismissing Patsy Cook's claim against the Succession of Lee J. Matherne, with prejudice.
[2] Upon the filing of the third party demand styled "intervention" by Erwin Realty, Inc., the Succession of Lee Matherne and the Succession of Dr. Joseph D'Antoni filed a joint motion by rule asking that the so-called intervention be rejected. Subsequently, the Successions of Matherne and D'Antoni filed exceptions of lack of venue, lack of procedural capacity, and peremptory exceptions of no cause or right of action to the petition styled "intervention". The exceptions were overruled and the joint motion seeking the rejection of the intervention was denied by the trial court, by judgment dated January 22, 1979. In written reasons for this judgment bearing a prior date (December 26, 1978) the trial court stated that "[o]n application of the parties or any one of them an additional hearing date will be set for taking of any additional evidence by all parties on the intervention."

The Successions of D'Antoni and Matherne applied to this court for writs of certiorari or review from this ruling on April 30, 1979, after having obtained an extension of time in which to apply for writs. The applications set forth as the reason the intervention should be rejected the fact that the intervention was filed subsequent to trial, and that the intervention asserted a new cause of action after trial. Writs were denied by this court on May 4, 1979, on the ground of "insufficient showing". Thereafter, on November 20, 1980, a hearing was held for the introduction of additional evidence, counsel for all parties having been present. No party sought to introduce additional testimony, and no party objected to the proceeding. However, on appeal counsel for the Successions of D'Antoni and Matherne strongly object to the lack of regularity in the proceedings.
As we state in the body of our opinion, an incidental demand cannot be filed subsequent to trial on the merits. Counsel for the Successions of D'Antoni and Matherne objected to the irregularity of the proceedings both in the trial court (on motion to reject the intervention and by exceptions) and in applying for writs, properly giving as their argument the ground that an incidental demand cannot be filed subsequent to trial. After writs were denied, counsel for the Successions of D'Antoni and Matherne were obviously impressed by the futility of objecting further in the trial court, before voicing their objections on appeal. Their failure to object again in the hearing held on November 20, 1980, cannot therefore be construed as a waiver of the rights of the Successions of D'Antoni and Matherne, as their conduct merely constituted a "going along with" the prior incorrect ruling of the trial court in refusing to reject the intervention. Their raising the same objection to the irregularity of the filing of the intervention after trial on appeal constitutes sufficient reservation and assertion of their clients' rights.
[1] Upon completion of the testimony on September 13, 1977, the trial court gave counsel thirty days for the Pipes deposition to be submitted and fifteen days thereafter to each side to file memoranda. The deposition was filed on November 4, 1977.