SCHOTT, Judge.
This is a suit by plaintiff as operator of Erwin Realty, Inc., a real estate broker, for a commission on the sale of property known as “Wild Wings” by Dr. Joseph S. D’Antoni to Lee Matherne in February, 1974 for $620,000. Defendant is the executor of D’Antoni’s succession. In response to the petition defendant filed a peremptory exception of res judicata on the basis of a receipt and release agreement executed by plaintiff in September, 1973. From a judgment sustaining this exception and dismissing plaintiff’s suit it has appealed. The issue is whether the release was broad enough to preclude plaintiff’s recovery of a commission based on the theory that the broker was the “procuring cause” of the sale even though the language of the release did not specifically refer to this potential claim.
On July 26, 1983 Matherne and D’Antoni entered into an agreement to purchase and sell “Wild Wings” for $650,000 with Erwin Realty, Inc. as the “listing agent” and Patsy F. Cook as “selling agent”. The agreement provided for a 4V2% commission to be paid to the agents “which commission is earned by agent when the act of sale is passed.” By mutual consent Matherne and D’Antoni receded from this agreement and on September 24, 1973 Erwin Realty, Inc. executed the release in favor of Matherne and D’Antoni which is the focal point of this suit. Earlier attempts by Cook and Erwin to collect commissions were defeated on procedural grounds. Cook v. Matherne, 432 So.2d 1039 (La.App. 1st Cir.1983).
Although the release expresses consideration of “$1.00, cash, and other valuable consideration” it is undisputed that Erwin Realty, Inc. was paid $5,000 for the release. In pertinent part it provides as follows:
“... appearer [Erwin] does ... accept said money in full payment, satisfaction, compromise, release and discharge of all claims and demands of every kind and character which he has or may have against ... Matherne and ... D’Antoni ... including all claims and demands which appearer has or may have arising or accruing as a result of [the agreement of July 26, 1973 between Matherne and D’Antoni] insofar as any agent’s commission which may be due or earned by appearer, and has hereby acknowledged said payment to be a full and complete release of ... Matherne and ... D’Anto-ni ... from any and all liability of any kind or character whatsoever.” (Emphasis supplied)
On October 31,1973 Matherne and D’An-toni entered into an agreement to purchase and sell “Wild Wings” for $620,000, and, this time, there was no mention of any real estate agent. This agreement culminated with the sale of February 19, 1974 as to which plaintiff claims entitlement of its commission on the theory that it was the “procuring cause” of the sale.
Plaintiff’s theory is correct. A real estate broker who brings a purchaser and *703 seller together at the invitation and with the authorization of the seller may be entitled to a commission on an eventual sale between the parties even if the final negotiations leading to the sale are conducted without the knowledge of the broker. Perkins & Sons v. Laborde, 271 So.2d 658 (La.App. 1st Cir.1972); Sollie v. Peoples Bank & Trust Co., 194 So. 116 (La.App. 2d Cir.1940). However, the issue in this case is whether plaintiff released D’Antoni from its “procuring cause” claim.
The release clearly contemplated something broader than claims related to the July 26, 1973 agreement because Matherne and D’Antoni had no exposure to such claims. Under that agreement no commission would be earned by Erwin until the act of sale was passed and since this did not and would not occur there could be no commission due Erwin under the agreement. This is conceded by plaintiff in its brief. Therefore, the question to be answered is, why did Matherne and D’Antoni pay Erwin $5,000? Exactly what did these parties intend when they spoke of a release “of all claims and demands of every kind and character” against Matherne and D’Antoni; and a “full and complete release” of Matherne and D’Antoni “from any and all liability of any kind or character whatsoever”?
Since the July 26, 1973 agreement provided no basis for claims, demands or liability the only remaining potential for claims would be some present (as of September 24, 1973) or future agreement between Matherne and D’Antoni as to “Wild Wings” which would provide Erwin with a basis to claim a commission as “procuring cause”. Matherne and D’Antoni paid, and Erwin accepted, $5,000 to eliminate the possibility of Erwin filing the very suit which is now under consideration. We can conceive of no other plausible explanation for the $5,000 payment, and plaintiff has failed to suggest any.
Keating v. Lachney, 216 So.2d 906 (La.App. 1st Cir.1968) is indeed, as plaintiff argues, strikingly similar to this case in its facts — except for one. There was no release given by the broker to the seller in that case. As here, the parties receded from an agreement to purchase and sell, and the broker, who had earned his commission when the agreement was signed, voluntarily forfeited his commission. However, when the property was sold between the same parties just a few days later the broker was properly held to be entitled to his commission since his efforts were the procuring cause of the sale. Because plaintiff in the instant case executed a release in favor of the seller and buyer from all claims, necessarily including its procuring cause claim, a different result than the one in the Keating case is required.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.