289 So.2d 822 (1974)
Joseph C. CORCELLER, Jr., and Rellecroc, Inc.
v.
BONANZA INTERNATIONAL, INC., and Stewart Investments, Inc.
No. 6014.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
Louis R. Koerner, Jr., New Orleans, for plaintiffs-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Herschel L. Abbott, Jr., New Orleans, for defendant-appellee Stewart Investments, Inc.
Stone, Pigman, Walther, Wittmann & Hutchinson, Phillip A. Wittmann, Michael R. Fontham, New Orleans, for defendant-appellee Bonanza International, Inc.
Before SAMUEL and REDMANN, JJ., and BAILES, J. Pro Tem.
JULIAN E. BAILES, Judge Pro Tem.
This is a suit by Joseph Charles Corceller, Jr., and Rellecroc, Inc., against Bonanza International, Inc., and Stewart Investment, Inc., for rescission of a franchise agreement entered into between the parties on August 25, 1969. The franchise agreement licensed the operation of A Bonanza Sirloin Pit restaurant by plaintiff, Corceller, in Jefferson Parish.
On February 28, 1970, Corceller and the defendants entered into another contract called the Advertising Talent Agreement wherein purportedly defendants, in the promotion and development of the restaurants, agreed to furnish to plaintiff certain promotional materials and services involving and utilizing talents and attractions of actors Dan Blocker, Lorne Green and Michael Landon, all performers in the Cartwright family TV series for a certain consideration for so long as plaintiff paid the consideration therefor, was in good standing with defendants and the master contract between Bonanza and the performers shall endure. Additionally, this supplemental advertising talent agreement provided that in the event of cancellation of the master contract or in the event plaintiff is no longer in good standing with *823 Bonanza, on notice from Bonanza, the plaintiff would terminate the use of such promotional materials.
Plaintiffs, on April 20, 1971, filed this suit against defendants seeking the rescission of the franchise agreement. It was alleged that plaintiffs had secured the right to operate a Bonanza Sirloin Pit restaurant in Jefferson Parish for a license fee of $10,000 and the payment of royalties of 4.8 per cent of the gross receipts; that a concomitant oral agreement was entered, not made a part of the written franchise agreement, which assured plaintiff of the right to use in the promotion and advertisement of the business, the good will and popular attraction of the Cartwright family featured on the Bonanza TV series, as well as various other promotional materials; that in November, 1970 defendants ordered plaintiffs to discontinue the use of all the promotional materials associated with the Cartwright TV series and that plaintiffs' franchise agreement was terminated.
Further, plaintiffs allege that after the withdrawal of the Cartwright TV series promotional material the substituted materials were of no help whatsoever to them in the restaurant business; that relying on the guarantees of defendants, including the use of the Cartwright promotional and advertising materials, plaintiffs expended about $300,000 in the construction and equipping of the restaurant building; and that by reason of defendants' inability to fulfill its obligations to which plaintiffs were entitled, plaintiffs seek the rescission and setting aside of the contract and an award of the return of the license fee, all royalties paid and the sum of $150,000 for conversion of the restaurant to a general purpose facility; and alternatively, for a reduction in the purchase price of the franchise and royalties paid.
The separate answers of the defendants for the most part amounted to a general denial of the allegations of fact of plaintiffs' petition.
Subsequent to the filing of this suit by plaintiffs, the defendants sought and obtained, on October 28, 1971, a preliminary injunction in federal court against plaintiffs operating under the Bonanza franchise on a finding of fact, inter alia, that the plaintiffs herein had violated the terms of the franchise agreement. The federal court, inter alia, made a finding of law that defendants herein were entitled to have plaintiffs enjoined under the provisions of the trademark laws of the United States, and that Bonanza International, Inc. properly terminated its license agreement with Corceller.
With this preliminary discussion as a prelude, this brings us to the matter before us. This is an appeal by Joseph Charles Corceller, Jr., and Rellecroc, Inc., from summary judgment awarded by the trial court on motion of the defendants-appellees, Bonanza International, Inc., and Stewart Investments, Inc.
In their motion for summary judgment, defendants allege:
1. That the pleadings, depositions and admissions on file show that there is no genuine issue of material fact which could affect the outcome of this case and that defendants are entitled as a matter of law to judgment dismissing plaintiffs' demands at their costs;
2. That the findings of fact and conclusions of law of the federal court in a suit between defendants and Corceller are determinative of all material issues in the instant case and under the doctrines of res judicata and collateral estoppel, plaintiffs are barred from maintaining this action;
3. That in the advertising talent agreement of February 28, 1970 between Bonanza and Stewart, defendants, and the plaintiff, the plaintiff authorized Bonanza to terminate plaintiff's right to use these promotional materials after termination of the master agreement, and that this agreement estops plaintiff from complaining of the termination. Therefore, defendants are *824 entitled to summary judgment as a matter of law in this case.
4. Lastly, defendants allege that evidence of the so-called "oral covenants" which plaintiffs allege to have been made by defendants cannot be admitted into evidence, and as plaintiffs pray only for rescission of the written contract and not for damages for breach of the alleged oral covenants, no relief can be granted to plaintiffs by this court.
Thus from the motion for summary judgment it is obvious that defendants are pleading as the basis for summary judgment exceptions of res judicata and collateral estoppel, the interposition of an evidentiary objection to the admission of oral testimony or proof of oral covenants to support the rescission of a written contract, and finally, defendants urge that the pleadings, depositions and admissions on file show that there is no genuine issue of material fact which could affect the outcome of this case.
For the reasons we will state, there is no useful purpose to be served in discussing whether res judicata, collateral estoppel or objections to the introduction of parol testimony to vary the terms of a written contract can be urged as grounds for summary judgment.
As we have observed, the defendants have alleged in their motion for summary judgment that pleadings, depositions and admissions on file show that there is no genuine issue of material fact which could affect the outcome of this case. There are no depositions nor admissions of fact contained in the record before this court.
Aside from the question of whether a motion for summary judgment is the proper procedural vehicle for asserting an exception of res judicata or collateral estoppel (even if collateral estoppel has substantive recognition in this state, See Bordelon v. Landry (1973), La.App., 278 So.2d 173), or an evidentiary objection interposed, we find the trial court was in error in finding there was no genuine dispute as to material fact.
The amended petition of plaintiffs filed on February 18, 1972, served on both defendants on March 6, 1972, contained these fact allegations:
"V(A).
"Plaintiff was induced to enter this agreement by misrepresentations as to the use of the good will and popular attraction flowing from the Cartwright family featured in the Bonanza television series and misrepresentations as to the success of other Bonanza franchises. These misrepresentations were knowingly made by defendants and constitute fraud.
"V(B).
"At the time that plaintiff entered the licensing or franchise agreement, defendants knew that they were in jeopardy of losing the services of the actors, Dan Blocker, Lorne Green and Michael Landon. In an attempt to absolve themselves of liability, defendants had plaintiff sign a talent agreement for the services of the above actors, a copy of which is annexed hereto.
"V(C).
"These misrepresentations produced in plaintiff, mistakes of facts concerning the use of the Cartwright family and success of a Bonanza franchise which involved the principal cause or motive of the agreement.
"V(D).
"In addition to these misrepresentations, defendants' required plaintiff to purchase low quality meats from their suppliers. Plaintiff was unable to sell the meat required by defendants and was ultimately forced to buy from other suppliers.

*825 "V(E).
"Defendants failed to supply plaintiff with plans and specifications to build his restaurant that they had guaranteed to secure for plaintiff.
"V(F).
"Defendants continually harrassed plaintiff in the operation and management of his restaurant and on several occasions caused disturbances on the premises during business hours.
"V(G).
"Defendants burdened plaintiff with exorbitant advertising costs when they knew that plaintiff's business would not support these costs.
"XI.
"As a result the defendants' inability to furnish the good will of the Cartwright family, misrepresentation, fraud, error, failure of consideration, and the breach of contract which flowed therefrom, the plaintiffs are entitled to have the contract rescinded and set aside, and to be placed in the same situation in which they were prior to the execution of the agreement."
Clearly, the amended petition contains allegations of fact which, if proved, the court must evaluate in the light of the contention of fraud alleged by plaintiffs. These allegations of fact are put at issue by the answer of Bonanza, and to which the defendant, Stewart Investments, has not answered yet.
We adhere to the holding of this court in Latter & Blum, Inc. v. Von Ruekfrang (1971), 249 So.2d 229. Therein we stated on page 233:
"[3,4] The general rule is that the motion for summary judgment is not a substitute for trial and may not be resorted to when there is a genuine issue of material fact which must be resolved in order to entitle the mover to a judgment as a matter of law. In passing upon motion for summary judgment, the court's function is not to determine the merits of the issues raised, but, rather, to determine only whether there is a genuine issue of material fact. Stevens v. State Mineral Board, 255 La. 857, 233 So.2d 542 (1970); Sinclair Oil & Gas Company v. Delacroix Corporation, 235 So.2d 187 (La.App. 4th Cir. 1970); Acadia-Vermilion Rice Irrigating Co. v. Broussard, 185 So.2d 908 (La.App. 3rd Cir. 1966)."
Regardless of whatever merit there might be in the exception of res judicata, the collateral estoppel and the evidentiary objection to the introduction of parol evidence to alter, vary or explain the written contract, there does exist a genuine dispute of material facts which precludes summary judgment.
Accordingly, for the foregoing reasons, the judgment appealed is reversed and this case is remanded for further proceedings in the trial court. Defendants are cast for the costs of this appeal.
Reversed and remanded.