MILLER, Judge.
Plaintiff Betty Wick and intervenor Chicago Insurance Company appeal the summary judgment dismissing her claim against defendant Intracoastal City Terminal, Inc. The trial court held that her exclusive remedy for the wrongful death of her husband lies under the workmen’s compensation statute. We reverse and remand this portion of the case for trial on the merits along with the claim pending against other defendants.
Mrs. Wick’s husband was employed by United Oilfield Rentals and had been sent to move oilfield pipe on Intracoastal’s premises. While so employed he was killed when the boom of a crane touched an overhanging high voltage wire.
This suit was filed by Mrs. Wick individually and for and on behalf of her four minor children seeking damages for the wrongful death of Mr. Wick, husband-father. Defendants are Intracoastal, Frederick Sellers, Trahan Brothers Marine Service, Inc., Ray Trahan, Service Truck Lines, Inc., Bob Sanders, Southwest Louisiana Electrical Membership Corporation, and several insurance companies.
Chicago Insurance Company, the workmen’s compensation insurer for Wick’s employer United Oilfield Rentals, intervened seeking funeral expenses and compensation benefits paid on account of Wick’s death.
Intracoastal filed for summary judgment based on the affidavit of its president Robert Pettit. In essence he deposed that In-tracoastal engages, as part of its principal business, trade and occupation, in loading, unloading, and storing oilfield pipe on its premises. On this premise Intracoastal *746 contends that it was the “statutory employer” of Wick (LSA-R.S. 23:1061), and as such is not amenable to suit in tort. The trial court agreed and held that Mrs. Wick’s exclusive remedy against Intracoas-tal lies in workmen’s compensation.
Summary judgment is appropriate where “ . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C. P. art. 966.
All doubt concerning disputes as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Summary judgment is not to be used as a substitute for trial. Odom v. Hooper, 273 So.2d 510 (La. 1973).
The fact that a litigant is unlikely to prevail on the merits is not sufficient to sustain a motion for summary judgment. Warden v. Southwest Louisiana Hospital Ass’n, 300 So.2d 590 (La.App. 3 Cir. 1974).
This summary judgment must be reversed and set aside if there is a material issue of fact as to whether loading, unloading, and storing oilfield pipe on Intracoas-tal’s premises is part of Intracoastal’s principal business, trade, or occupation.
We pretermit the issue raised by plaintiff that Pettit’s affidavit does not satisfy C.C.P. art. 967 requirements in that Pettit did not have personal knowledge of certain facts set forth in his affidavit.
We find an issue of material fact concerning Intracoastal’s “business, trade, or occupation”. Mr. Trahan, treasurer of In-tracoastal, testified that Intracoastal’s principal business was renting leased premises and renting cranes and trucks which it in turn had leased from others. At one point in his deposition he stated that Service Truck was the only party charged with loading, unloading, and storing pipe.
Trahan testified that Intracoastal leases a 60 acre tract of land located at Intra-coastal City in Vermilion Parish from a third party not involved in this litigation. On this land Intracoastal constructed a dock and storage racks and facilities for oilfield pipe. Additionally, Intracoastal leased three cranes and two trucks specially built for hauling pipe. Intracoastal has no workers on these premises. Another' corporation, Trahan Brothers, furnishes crane operators used on the premises. Mr. Trahan, in his capacity representing Tra-han Brothers, is in charge of the crane operators. Service Truck is responsible for all other operations at the lease site, primarily the loading, unloading, and storing of oilfield pipe on the premises. Mr. Sanders, an employee of Service Truck is the yard supervisor and has full authority to determine how all pipe will be stored. When a shipment of pipe arrives at the dock, Sanders is in charge of unloading and storing it. Sanders is in charge of taking pipe out of storage and loading it when owners call for pipe. Service Truck bills the pipe owners for storage. Intra-coastal leases to Service Truck office space, storage space, cranes, and trucks. When additional personnel are needed for loading, unloading, or for the storage operation, Intracoastal contracts with United or other companies for personnel and charges Service Truck for their use. Intracoastal has never stored pipe on the premises since the operation commenced some two years before the accident.
The thrust of Trahan’s testimony is that Intracoastal is in the business of leasing space and equipment and that Service Truck takes care of all loading, unloading, and storing operations. Intracoastal has never employed workers. From this testimony we find an issue of material fact as to whether Wick was killed while a “statutory employee” of Intracoastal performing work which was a part of its principal business, trade, or occupation.
The summary judgment dismissing Mrs. Wick’s tort claim and Chicago Insurance *747 Company’s intervention against Intracoas-tal is reversed and set aside. These claims are remanded for trial on the merits along with the claims pending against other defendants. Court costs relating to this summary judgment incurred in the trial court and on appeal are taxed to defendant ap-pellee.
Reversed and remanded.