315 So.2d 809 (1975)
Robert SCOTT and Ruth Scott
v.
BUTLER BROTHERS FURNITURE COMPANY OF BAKER, INC., and A. D. Metz.
No. 10279.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
*810 Dennis R. Whalen, Baton Rouge, for appellants.
James E. Moore and A. Howell Andrews, Baton Rouge, for Butler Bros.
Gary L. Keyser, Baton Rouge, for A. D. Metz.
Before LOTTINGER, COVINGTON and BAILES, JJ.
COVINGTON, Judge.
The incidents which allegedly led to the damages to the plaintiff, Ruth Scott, occurred on December 28, 1972, January 3, 1973 and January 5, 1973. Robert Scott, the husband, joined as plaintiff to recover his expenses in connection with the alleged injuries to his wife. Named as defendants were Butler Brothers Furniture Company of Baker, Inc., the seller who had caused a writ of sequestration to issue, and A. D. Metz, the deputy sheriff of East Baton Rouge Parish, who had executed the writ in the manner complained of. Suit was filed on January 7, 1974, the last day for filing suit; January 5, 1974, being a Saturday, was a legal holiday. Therefore, the suit was timely filed within the one year period provided by LSA-C.C. 3536. See Greene v. Engolio, La.App., 257 So.2d 831, 834 (1 Cir. 1972); see also LSA-C.C.P. Art. 5059; LSA-R.S. 1:55.
It is necessary for us to dispose of this procedural question, because the trial court sustained defendant Butler's motion for summary judgment without giving his reasons for doing so. It has been held in the case of Duhon v. Boustany, La.App., 239 So.2d 180, 181 (3 Cir. 1970), that a motion for summary judgment can be based on a plea of prescription. Letting the foregoing facts speak for themselves, we find that the suit was timely filed and that the trial court could not have properly sustained the defendant Butler's motion for summary judgment on the ground of prescription in the instant case.
Defendant Butler's main argument in support of the summary judgment is that at best defendant Metz could only be considered a "non-servant" agent, whose acts or omissions are not the responsibility of defendant Butler, the seller who had caused the writ of sequestration to issue. In its brief defendant Butler cites Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968); Trahan v. Girard Plumbing & Sprinkler Co., La.App., 299 So.2d 835 (4 Cir. 1974), writ refused, 302 So.2d 618, 619, 620 (1974); Jones v. Maryland Casualty Company, La.App., 256 So.2d 358 (1 Cir. 1971). Each of those cases involved a different factual situation from the alleged factual situation in the instant case; each of those cases was decided after a trial on the merits. They are not authorities for the granting of a summary judgment.
LSA-C.C.P. Art. 966 provides in pertinent part that summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." It is only where there is no material fact genuinely at issue that a summary judgment can be granted. In passing *811 upon a motion for summary judgment, the court must decide whether or not the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue as to material fact so that the mover is entitled to summary judgment. See Auto Owners Insurance Company v. Freret, La.App., 280 So.2d 638, 640 (1 Cir. 1973).
The mover bears the burden of convincingly showing the absence of a genuine issue of material fact, the burden being such that all reasonable doubt must be resolved in favor of a trial on the merits. See Hadrick v. Diaz, La.App., 302 So.2d 345, 348 (1 Cir. 1974); Wick v. Sellers, La.App., 301 So.2d 744, 746 (3 Cir. 1974).
In considering a motion for summary judgment, the court is not to determine the merits of any factual issues raised; it is to determine only whether there is a genuine issue of material fact. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Corceller v. Bonanza International, Inc., La.App., 289 So.2d 822, 825 (4 Cir. 1974).
Our jurisprudence has established that the summary judgment procedure is not a substitute for a trial on the merits. See Berthelot v. Travelers Insurance Company, La.App., 304 So.2d 59, 62 (1 Cir. 1974); Haspel v. Treece, La.App., 150 So.2d 120, 123 (4 Cir. 1963), writ refused, 244 La. 218, 151 So.2d 692, and 244 La. 219, 151 So.2d 692 (1963).
In light of the foregoing jurisprudence, we find that the pleadings and the depositions of Mr. and Mrs. Scott (taken by defendant Butler) and of A. D. Metz (taken by the plaintiffs), and the documentary evidence, all taken together, show that there are genuine issues of material facts in the instant case. The plaintiffs claim that Metz was acting on behalf of, in concert with or as agent of defendant Butler. Butler denies this and claims that it had no control over the actions of Metz who was acting as a deputy sheriff in the execution of the writ of sequestration. Thus, the degree of control, if any, is certainly a material fact in dispute. See Trahan v. Girard Plumbing & Sprinkler Co., supra at 841. Moreover, the manner of executing the writ, the necessity for the arrest of Mrs. Scott and the appointment of a custodian are all material facts in dispute. In addition, the present record does not adequately explain the role played by the lawyer for defendant Butler in the issuance and execution of the writ of sequestration. We, thus, have no difficulty in holding that, in its present posture, the instant case is not a proper case to dispose of by way of summary judgment.
For the reasons assigned, the judgment appealed from is reversed and set aside. It is now ordered, adjudged and decreed that the motion for summary judgment be denied and the case be remanded to the district court for further proceedings in accordance with law. All costs of this appeal are assessed against the defendant appellee, Butler Brothers Furniture Company of Baker, Inc.
Reversed and remanded.