329 So.2d 793 (1976)
GEORGE & GEORGE, LTD.
v.
Andrew J. BENNETT, Jr., and Andrew J. Bennett, Jr., Ltd.
No. 10636.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
Writs Refused June 4, 1976.
J. Arthur Smith, III, Baton Rouge, for appellant.
Robert S. Cooper, Jr., Baton Rouge, for appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a suit by George & George, Ltd., a professional law corporation, to recover attorney fees from Andrew J. Bennett, Jr., Attorney at Law, and Andrew J. Bennett, Jr., Ltd., another professional law corporation. The Trial Judge granted summary judgment in favor of plaintiff, and denied defendants' cross motion for summary judgment; the defendants appeal.
The record points out that in November of 1969, Mrs. Audrey Stout Wilder retained the law partnership of George & Hebert to represent her in various legal matters, including a certain claim against her former husband. Subsequently, on April 1, 1971, the professional law corporation of George, Bennett, Lindsay, Bass & Seago, Ltd., was formed, and this corporation continued to represent Mrs. Wilder in her claims. During the month of April, *794 1971, the defendant, Andrew J. Bennett, Jr., as a member of the law corporation of George, Bennett, Lindsay, Bass & Seago, Ltd., undertook the handling for that law corporation, the files of Mrs. Wilder. In July of 1971, the defendant, Andrew J. Bennett, Jr., as a member of the law corporation, instituted suit for and on behalf of Mrs. Wilder against her former husband.
On September 15, 1971, the defendant, Andrew J. Bennett, Jr., withdrew from the professional corporation of George, Bennett, Lindsay, Bass & Seago, Ltd. The files of Mrs. Audrey Stout Wilder were retained by the defendant, and he continued to represent her after his withdrawal from the professional corporation. In its motion for summary judgment, the plaintiff contends that as part of the negotiations surrounding the defendant's withdrawal from the professional law corporation, it was agreed that he would continue handling the claim of Mrs. Wilder against her former husband. In his cross motion for summary judgment, the defendant contends that it was agreed that he would continue to represent Mrs. Wilder, but no fee arrangement was made. He further contends that mention was made that a referral fee would have to be worked out because Mrs. Wilder had been the client of a member of the professional corporation other than the defendant. It was agreed that this would be worked out later.
On May 19, 1972, a written agreement in the form of a letter was executed by a member of the successor professional corporation, to the effect that the handling of the Wilder file and case by the defendant was to be considered as a standard referral. And in that regard, the referring firm would receive one-third of the fee realized by the defendant, Andrew J. Bennett, Jr.
The defendant was successful in his prosecution of the suit for Mrs. Wilder and obtained a fee of $42,029.42. He has refused to pay over to George & George, Ltd. one-third of said fee, amounting to $14,009.80.
The defendants-appellants contend that the Trial Court erred in (1) finding as a matter of fact on cross motions for summary judgment that the May 19, 1972, "standard referral agreement" was a part of the separation agreement pursuant to which Andrew J. Bennett, Jr. withdrew from the firm of George, Bennett, Lindsay, Bass & Seago, Ltd., where the uncontroverted affidavit of the defendant established that this "standard referral agreement" was not a part of the separation agreement; and (2) denying the defendants' cross motion for summary judgment and in granting the plaintiff's motion for summary judgment and rendering judgment in favor of the plaintiff and against the defendants.
Appellant contends that the agreement entered into between himself and the plaintiff was purely and simply a standard referral agreement, whereas the plaintiff would seem to argue that the defendant's handling of the Wilder file as well as any fee to be paid him was part and parcel of the negotiations of his withdrawal from the professional corporation.
LSA-C.C.P. art. 966 in part provides that summary judgment shall be rendered ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (emphasis added.)
The mover bears the burden of convincingly showing the absence of a genuine issue of material fact, the burden being such that all reasonable doubt must be resolved in favor of trial on the merits. In considering a motion for summary judgment, the Court is not to determine the merits of any factual issues raised; it is to determine only whether there is a genuine issue of material fact. Our jurisprudence *795 has established that the summary judgment procedure is not a substitute for a trial on the merits. Scott v. Butler Brothers Furniture Co. of Baker, Inc., 315 So.2d 809 (La.App. 1st Cir. 1975).
We are of the opinion that the opposite contentions as to whether the agreement was a standard referral agreement or an agreement part and parcel of the defendant's withdrawal from the professional corporation is such an issue of fact so as to avoid the use of summary judgment proceedings.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and this matter is remanded for further proceedings in accordance with the views expressed herein. All costs of this appeal are to be paid by plaintiff-appellee.
REVERSED AND REMANDED.