863 So.2d 517 (2004)
William ALCORN and Albert Burns
v.
CITY OF BATON ROUGE, through the BATON ROUGE POLICE DEPARTMENT.
No. 2003-C-2682.
Supreme Court of Louisiana.
January 16, 2004.
*518 PER CURIAM.
In a writ application, the City of Baton Rouge, through the Baton Rouge Police Department (City) urges the court of appeal erred in failing to address the issue of whether plaintiffs' claims of racial discrimination and race-based harassment that allegedly occurred during their employment as police officers are prescribed. We agree with the City that the prescription issue should be resolved and consequently remand.
In one motion for summary judgment filed by the City in May 1999, the City urged that all claims of former police officers, William Alcorn and Albert Burns, were prescribed. The City filed a memorandum along with the motion, thoroughly briefing the issues of prescription under the applicable federal statutes and state statutory provisions regarding prescription. Additionally, the City urged the plaintiffs' race-discrimination/harassment claims could not satisfy the federal definition of "adverse employment action" and/or "decision."
The trial court sustained the prescription defense in connection with plaintiffs' age-discrimination claim, but dismissed plaintiffs' race-discrimination/harassment claims on other grounds, apparently agreeing with the City that the requirements of race discrimination in the workplace under federal law were not met. The trial court did not address or rule on the prescription issue as it related to the race-discrimination/harassment claims.
Plaintiffs appealed the summary judgment. In Alcorn v. City of Baton Rouge c/w Burns v. City of Baton Rouge, 99-2464, 99-2465 (La.App. 1 Cir. 11/3/00)(unpublished opinion), the first circuit affirmed the dismissal of the age-discrimination claims on the basis of prescription. However, finding material issues of disputed facts, the first circuit held summary judgment in favor of either side on the race-discrimination/harassment allegations was inappropriate. The first circuit reversed the summary judgment on the race-discrimination/harassment claims and remanded "to the trial court for further proceedings consistent with this opinion." Id. The appellate court did not address or rule on the prescription issue as it related to the race-discrimination/harassment claims.
After remand, the matter went to a jury trial on the merits. The jury returned a verdict in favor of plaintiffs. The trial court rendered judgment in accordance *519 with that verdict, awarding each former police officer a total of $500,000 for race-based discrimination/harassment. The judgment contained no ruling on the prescription issue as it related to the race-discrimination/harassment claims.
The City appealed. In Alcorn v. City of Baton Rouge, 02-0952, 02-0953, p. 3 (La. App. 1 Cir. 6/27/03), 851 So.2d 1194, 1199, the first circuit acknowledged the City was asserting on appeal that plaintiffs' claims of race discrimination/harassment were prescribed. However, the first circuit noted the City had not filed an exception of prescription in either the trial court or the appellate court. The first circuit held "[t]he unsuccessful assertion that the claims of racial discrimination, harassment and retaliation were untimely as grounds for seeking a summary judgment prior to the trial on the merits does not provide a procedural vehicle for appellate review of the issue of prescription on the entire record, an issue not considered by the trial court." Alcorn, 02-0952, 02-0953 at 3-4, 851 So.2d at 1200. The first circuit further found that the City's assigning as error on appeal that the actions have prescribed was insufficient to raise the issue, which must be presented in a formal pleading. In its second opinion, the first circuit did not reach the issue of prescription.
We agree with the City that the first circuit's failure to recognize the motion for summary judgment as a proper pleading of the issue of prescription looks to the title of the pleading rather than the substance. The holding is contrary to Katz v. Katz, 412 So.2d 1291, 1293 (La.1982), and Cook v. Matherne, 432 So.2d 1039, 1041 (La.App. 1 Cir.1983) (Pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption.). Indeed, in Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831 (La. App. 1 Cir.), writ denied, 349 So.2d 1269 (La.1977), the first circuit grappled with the problem of prescription being urged in a motion for summary judgment. The motion stated all of the essential allegations for an exception of prescription, and the relief sought was dismissal of the suit on that basis; the first circuit held the motion should be characterized and considered as a peremptory exception of prescription. The first circuit had previously approved the use of the motion for summary judgment as a proper vehicle for raising the issue of prescription. Lasseigne v. Earl K. Long Hospital, 316 So.2d 761 (La.App. 1 Cir.1975). See also, Scott v. Butler Brothers Furniture Company of Baker, Inc., 315 So.2d 809, 810 (La.App. 1 Cir.1975), citing with approval Duhon v. Boustany, 239 So.2d 180, 181 (La.App. 3 Cir.1970), which allowed a motion for summary judgment to be a plea of prescription.
Further, in 1997, the legislature amended LSA-C.C.P. art. 966(E) to provide that a summary judgment may be rendered dispositive of "a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case." Prior to that amendment, the statutory provision permitted summary judgment to be "rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Professor William E. Crawford has noted the 1997 amendment "greatly expanded" the scope of matters subject to summary judgment. LOUISIANA CODE OF CIVIL PROCEDURE 2004 EDITION, art. 966, Editor's Note at 81 (William E. Crawford ed., 2004).
Thus, the first circuit erred in failing to determine the merits of the City's defense of prescription. We remand this matter to the court of appeal to make this determination, *520 pretermitting at this time consideration of all other issues urged by the City in its writ application.
JUDGMENTS VACATED; CASE REMANDED TO THE COURT OF APPEAL.