ROBERT M. MURPHY, Judge.
12Plaintiffs, Ligia Caballero and Carlos Caballero-Castro (“the Caballeros”), appeal the trial court’s May 21, 2015 judgment granting the motions for summary judgment and exception of prescription filed by Defendants, Triple OH Shoring, Inc. and its insurer,' Penn America Insurance Company (collectively, “Defendants” and individually, “Triple OH” and “Penn America”), and dismissing the Caballeros’ claims against Defendants with prejudice. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
This lawsuit arises out of alleged defective leveling and elevation work performed at the Caballeros’ home. On February 2, 2012, the Caballeros filed a petition for property- damage- and personal injury[1] against Keystone Custom - Homes, LLC (“Keystone”), Triple OH, and Triple -OH’s alleged insurer, Global Indemnity Group, Inc. The Caballeros subsequently amended their petition to name as defendants Triple OH’s insurer, Penn America, and Keystone’s insurer, Catlin Specialty Insurance Company.
|sThe Caballeros contend that in early 2010, Mr. Caballero contacted Omar Oce-guera with Triple OH regarding the elevation of the Caballeros’ home. During his deposition, Mr. Caballero testified that Mr. Oceguera introduced him to Pat McClos-key with Keystone, and explained, to Mr. Caballero that Keystone would be the general contractor with respect to the elevation of fhe Caballeros’ home, and that Triple OH would complete the. elevation work for. Keystone. .
On or about May 13, 2010, Mr. Caballero entered into a contract with Keystone for the elevation of the Caballeros’ home (“the elevation contract”). The elevation contract provides that [Keystone] agrees “to elevate and complete all items outlined on the Kenner-approved elevation foundation plan submitted by Triple OH Shoring, Inc ...” Keystone subsequently entered into a separate subcontract agreement with Triple OH for the elevation of the Caballeros’ home. Triple OH completed the elevation work on the Caballeros’ home on November 20, 2010. At that time, Mr. Caballero measured, the work and testified, .that “the house was dead on.”
In mid-January of 2011, Mr. Caballero began to build a deck on the back of his home. At that time, he noticed a dip in the slab, which he measured to be approximately two inches. Mr. Caballero testified that he believed the dip was due to either normal settlement of the home or improper workmanship. Shortly thereafter, Mr. Caballero called Mr. McCloskey with Keystone and informed-.him of the dip in the slab. He also testified that.from the time the elevation work was completed in November of 2010, he and-his family heard “popping” noises on a daily basis, which he believed to be a result of the home settling.
Despite the appearance of the two-inch dip in the slab in mid-January of 2011, Mr. *388 Caballero contends that there was no apparent damage to his home at that time. Mr. Caballero testified that he did not notice any damage to his home [ 4until after February of 2011. Specifically, the damage to the Caballeros’ home consisted of bowed and damaged walls and ceilings, separated and loosened sheet rock, cracked tiles, damaged bathroom fixtures, damaged roof, and water damage.
Mr. Caballero hired a survey company to take elevation readings in -March or April of 2011. In August of 2011, Mr. Caballero retained Michael Cenac, a structural engineer, to take additional elevation readings. Mr. Genac’s measurements showed a dip of approximately 3.5 inches. The Caballeros filed their lawsuit against Keystone, Triple OH, and their insurers on February 2,2012.
On December 16,2014, Triple OH filed a motion for summary judgment seeking a dismissal of the Caballeros’ claims on the basis of prescription, relying specifically on the one-year prescriptive period of La'. C.C. art. 3493. Subsequently, Penn America filed an exception of prescription and a motion for summary judgment, also alleging that the Caballeros’ claims were prescribed under La. C.C. art. 3493. After conducting a hearing on the merits, the trial court signed a judgment on May 21, 2015, granting Triple OH’s motion for summary judgment, and Penn America’s motion for summary judgment and exception of prescription, thereby dismissing the Caballeros’ claims against Triple OH and Penn America with prejudice. This appeal by the Caballeros now follows.
ASSIGNMENTS OF ERROR
On appeal, the Caballeros raise the following assignments of error:
1. The trial court erred in finding that the one-year prescriptive period of La. C.C. art. 3493 was applicable to the Caballeros’' claims against Defendants, as the Caballeros’ claims are governed by the ten-year prescriptive period of La. C.C. art. 3500.
'2. The trial court erred in finding that the one-year prescriptive period of La. C.C. art. 3493 commenced in January of 2011, as the Caballeros did not discover the damage to their home until March of 2011.
J¿LAW AND DISCUSSION

Assignment of Error Number One:

As an initial matter, we note that in them appeal, the Caballeros challenge the trial court’s grant of Penn America’s exception of prescription, as well as its grant of Penn America’s and Triple OH’s motions for summary judgment, which both sought a dismissal of the Caballeros’ claims on the grounds of prescription. Under La. C.C.P. art. 865, pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption. See Alcorn v. City of Baton Rouge, 03-2682 (La.1/16/04), 863 So.2d 517, 519.
This Court has recognized that where a motion for summary judgment states all of the essential allegations for an exception of prescription and seeks a dismissal of the suit as prescribed, the motion should be characterized and considered as a peremptory exception of prescription. T.P. Homes, Inc. v. Taylor, 08-392 (La.App. 5 Cir 10/28/08), 1 So.3d 507, 511 (citing Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831, 833 (La.App. 1 Cir.1977), writ denied, 349 So.2d 1269 (La.1977)). Accordingly, we will consider Triple OH’s and Penn America’s motions for summary judgment on appeal as peremptory exceptions of prescription.
*389 In Taranto v. La. Citizens Prop. Ins. Corp., 19-0105 (La.3/15/11), 62 So.3d 721, 726, the Louisiana Supreme Court set forth the standard of review for an exception of prescription as follows:
In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. Jurisprudence provides that statutes involving prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Bailey v. Khoury, 04-0620 (La.1/20/05), 891 So.2d 1268, 1275. Onlfithe issue of prescription, the mover bears the burden of proving prescription. [citation omitted]. However, if the petition is prescribed on its face, then the burden of proof shifts to the Plaintiff to negate the presumption by establishing a suspension or interruption. Bailey, 891 So.2d at 1275.
In their first assignment of error, the Caballeros contend that the ten-year prescriptive period of La. C.C. art. 3500 applies to their claims against Defendants, and not the one-year prescriptive period of La. C.C. art. 3493. La. C.C. art. 3500 provides that “[a]n action against a contractor or an architect on account of defects of construction, renovation, or repair of buildings and other works is subject to a liberative prescription of ten years.” La. C.C. art. 3493 provides that “[w]hen damage .is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.”
The Caballeros contend that the ten-year prescriptive period of Article 3500 applies to their claims because Triple OH was a licensed contractor at the time it performed the elevation work at their home, thereby making Triple OH a “contractor” within the meaning of Article 3500. The Caballeros also contend that contrary to'Defendants’ arguments, Article 3500 does not require the existence of a contract between the Caballeros and Triple OH. Instead, the Caballeros allege that it is sufficient for purposes of Article 3500 that they intended to hire Triple OH to perform the elevation work, and that they did not know that Keystone would be the general contractor until they signed the elevation contract with Keystone.
Conversely, Defendants contend that Article 3500 is not applicable to claims where no contract exists between the parties. Because it is undisputed that there is no contract between the Caballeros and Triple OH, Defendants argue that the Caballeros’ claims against Defendants are tort claims subject to the one-year prescriptive period of Article 3493.
17The character of an action in the pleadings determines the applicable prescriptive period. Landis & James Constr. Co. v. Gee Cee Corp., 95-1927 (La.App. 4 Cir. 2/15/96), 669 So.2d 1265, 1266, writ denied, 96-0695 (La.4/26/96), 672 So.2d 910. The nature of the duty breached determines whether the action is in tort or in contract. Harrison v. Gore, 27,254 (La.App. 2 Cir 8/23/95); 660 So.2d 563, 568, writ denied, 95-2347 (La.12/8/95), 664 So.2d 426 (citing Roger v. Dufrene, 613 So.2d 947 (La.1993)). The classical distinction between “damages ex contractu ” and “damages ex delicto” is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Id.
In a similar case, the Second Circuit in State v. Robert McKee, Inc., 584 So.2d 1205 (La.App. 2nd Cir.1991), held that the one-year prescriptive period for tort claims *390 applied, to the. State’s claim against an air conditioning subcontractor, and not the ten-year prescriptive period of Article 3500,-where the State had no contract with the air conditioning subcontractor.
In Landis & James Constr. Co., supra, the Fourth Circuit held that “an action against an architect by a [subcontractor] not privy to a contract with the architect is delictual where the damage is not the defective work itself but damage caused by the defective work.” See Gurtler, Hebert & Company, Inc. v. Weyland Machine Shop, Inc., 405 So.2d 660, 662 (La.App. 4th Cir.1981), writ denied, 410 So.2d 1130 (La.1982). Therefore, because the subcontractor had no contract with the architect, and sought damages caused by the architect’s alleged defective work, the Fourth Circuit held that the subcontractor’s action sounded in tort, to which the one-year prescriptive period applied. Id. at 1267.
Similarly, in the present case, our review of the record shows that the Caballeros have no contract with Triple OH, and they have filed claims against | sTriple OH for damages to their home caused by Triple OH’s alleged defective elevation work. The Caballeros have-not cited any authority in support of their argument that the ten-year prescriptive period- of Article 3500 applies to their claims against Defendants, simply due to the fact that Triple OH is a licensed contractor. Nor have the Caballeros- cited any authority in support of - their argument that Article 3500 does not require a contractual relationship, but instead-, applies because they initially intended to hire Triple OH as their contractor; frefore ultimately signing the elevation contract with Keystone. Based upon Our review of the record and the applicable authority, we - find no error in the trial court’s finding that the Caballeros’ claims against, Defendants are tort claims, to which the one-year prescriptive period of Article 3493 applies.

Assignment of Error Number Two:

In their second assignment of error, the Caballeros contend that the trial court erred in finding that their claims against Defendants were prescribed under the one-year prescriptive period of Article 3493. Specifically, the Caballeros .claim that the trial court erred in finding that the one-year prescriptive period commenced in January of 2011 when Mr. Caballero first noticed the two-inch dip in the slab. Rather, the Caballeros contend that the prescriptive period did not commence until after February of 2011, or in March of 2011, when Mr. Caballero first discovered damage to his home, consisting of bowing in the walls. Because the Caballeros filed suit on February 2, 2012, they alleged that their suit was timely filed within one year of when they first discovered damage to their home in March of 2011.
Under Article 3493, the one-year period “commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.” La. C.C. art. 3493. Thus, the commencement of prescription under this [ 9article is triggered by actual or constructive knowledge of damage. Hogg v. Chevron USA, Inc., 09-2632 (La.7/6/10), 45 So.3d 991, 997. Constructive knowledge has been defined by dur courts as whatever notice is enough to excite attention and put the injured party on guard or call for inquiry. Id. (citing Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 510-11). Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry might lead, and such information or knowledge as ought to reasonably put the injured party on inquiry is sufficient to start the running of prescription. Id. -In assessing whether an injured party pos *391 sessed constructive knowledge sufficient to commence the running of prescription, the court’s ultimate consideration is the reasonableness of the injured party’s action or inaction in light of the surrounding circumstances. Id. at 997-98.
In this case, our review of the record shows that according to Mr. Caballero’s testimony, he determined that, the measurements of his house were “dead on” at the time the elevation work was completed in November of 2010. However, he testified that in mid-January of 2011, he discovered a two-inch dip in the slab, which he believed to'be due to either normal settlement of the home or improper workmanship. After discovering the dip, he contacted Mr. McCloskey with Keystone within thé same month and informed him of the dip in the slab.
We find that Defendants have met their burden of showing that the Caballeros “acquired, or should have acquired, knowledge of the damage” pursuant to Article 3493, at the time Mr. Caballero discovered the two-inch dip in the slab in mid-January of 2011. La. C.C. art. 3493. By his own admission, the appearance of the dip in the slab was “enough to excite attention and put [Mr. Caballero] on guard or call for inquiry,” given that he testified that ;he contacted Mr. McCloskey to inform him of the dip within the same month of noticing it. See Hogg, supra at 997. Yet, the Caballeros, did not file, their lawsuit until February 2, 2012; Under the facts of this case, we find no error in the trial court’s finding that the Caballeros, possessed constructive knowledge sufficient to commence the running, of the one-year prescriptive period of Article 3493 in January of 2011. Accordingly, we find mo error in the trial court’s finding that the Caballeros’ claims against Defendants were prescribed, and thus, we affirm the trial court’s grant of Defendants’ motions for summary judgment based on prescription and Penn America’s exception of prescription.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s May 21, 2015 judgment, which granted Penn America’s motion for summary judgment and exception of prescription, and Triple OH’s motion for summary judgment,- and dismissed the Caballeros’ claims against Penn America and Triple OH with prejudice.

AFFIRMED

. On April 28, 2014', the Caballeros dismissed with prejudice their personal injury claims against all defendants, due to a settlement of ’those claims.