UNITI FIBER, LLC

VERSUS

MILLER PIPELINE, LLC

NO. 24-CA-474

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 79,224, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

February 26, 2025

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Timothy S. Marcel

**AFFIRMED**
 **FHW**
 **JGG**
 **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
UNITI FIBER, LLC
    Leon E. Roy, IV

COUNSEL FOR DEFENDANT/APPELLEE,
MILLER PIPELINE, LLC
    Thomas J. Eppling
    Loan H. Do

**WICKER, J.**

Plaintiff, Uniti Fiber, L.L.C. ("Uniti"), seeks review of the trial court's September 5, 2023 judgment, which granted the exception of prescription filed by defendant, Miller Pipeline, L.L.C. ("Miller"), and dismissed its lawsuit with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2023, Uniti filed a Petition for Damages against Miller, alleging Miller damaged its fiber optic cable while installing a gas line at 3718 Louisiana Highway 1 in Napoleonville, Louisiana. According to the petition, on January 11, 2022, Miller contacted Uniti to locate and mark its cables at the property where Miller would be installing the gas line. Uniti contends that its locator properly marked the property with orange flags as requested, but on January 23, 2022, Miller's workers "bored directly on top of the orange flags," damaging its fiber optic cable.

In its petition, Uniti asserts that on March 28, 2022,[1] it sent an invoice to Miller in the amount of $49,612.27, for the damage to the fiber optic cable. It further alleges that, pursuant to La. R.S. 9:2781(A), Uniti sent a demand letter on November 15, 2022, for $49,612.27, plus interest, attorney's fees, and costs. Miller did not tender a payment in response to the demand. Uniti attached a copy of the invoice, photographs, and the demand letter to its petition.

On April 5, 2023, Miller filed a peremptory exception of prescription arguing that while Uniti's petition refers to La. R.S. 9:2781, which pertains to suits on an open account, its claims are delictual in nature and subject to the one-year prescriptive period set forth in La. C.C. art. 3492. Miller asserted that because Uniti's petition was filed more than one year after the damage occurred, its claims were prescribed.

---

[1] The record reflects an invoice from Uniti to Miller dated March 15, 2022.

Uniti filed a memorandum in opposition to the exception of prescription asserting that its claims had not prescribed, because the prescriptive period for suits on an open account is three years, per La. C.C. art. 3494. Alternatively, Uniti asserted that its claims arise from breach of contract which is subject to a ten-year prescriptive period, in accordance with La. C.C. art. 3499.

The exception of prescription came for hearing before the trial court on August 17, 2023. At the conclusion of the hearing, the trial court granted the exception of prescription and dismissed Uniti's case. On September 5, 2023, the trial court signed a written judgment, granting the exception of prescription and dismissing Uniti's lawsuit with prejudice. Uniti appeals.

## LAW AND DISCUSSION

On appeal, Uniti argues the trial court erred by granting Miller's exception of prescription and dismissing its case with prejudice. Uniti asserts that its claim for damages to its fiber optic cable is an action on an open account for which the prescriptive period is three years, in accordance with La. C.C. art. 3494. It indicates that it sent an invoice for services and materials to Miller on March 15, 2022, and that its lawsuit was timely filed on February 8, 2023, within three years of the date of the invoice. Alternatively, Uniti argues that its claims have not prescribed, because they arise from breach of contract, which has a prescriptive period of ten years under La. C.C. art. 3499.

Miller responds that Uniti is attempting to preserve a tort claim, arising from property damage and subject to a one-year prescriptive period under La. C.C. art. 3492, by miscategorizing it as a suit on an open account. Miller asserts it did not have an open account or any contractual relationship with Uniti. It contends that it was working for Atmos Energy, not Uniti, when installing the gas line, and there were no ongoing business dealings between the parties.

Evidence may be introduced to support or controvert an exception of prescription. La. C.C.P. art. 931; *Desi v. Thomas Jefferson Constr. Corp.*, 19-502 (La. App. 5 Cir. 10/5/20), 304 So.3d 1068, 1072. When evidence is introduced at a hearing on the exception, a court need not accept the allegations of the petition as true, and the trial court's decisions are to be reviewed under the manifest error-clearly wrong standard of review. However, when no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *Id.; Henry v. Southwest Airlines*, 23-522 (La. App. 5 Cir. 7/31/24), 392 So.3d 1176, 1180, *writ denied*, 24-1081 (La. 11/20/24), 396 So.3d 68.

In the present case, no evidence was introduced by either party at the hearing on the exception of prescription. Accordingly, we review this matter *de novo*, accepting the allegations of the petition as true.

In order to ascertain the viability of Uniti's lawsuit, we must determine the prescriptive period applicable to this case. The prescriptive period applicable to an action is determined by the character of the action as disclosed in the pleadings. *Succession of Theobald*, 20-68 (La. App. 5 Cir. 12/23/20), 309 So.3d 878, 883; *Caballero v. Keystone Customs, L.L.C.*, 15-722 (La. App. 5 Cir. 3/16/16), 188 So.3d 385, 389. The nature of the duty breached determines whether the action is in tort or in contract. *Id.* "The classical distinction between 'damages ex contractu' and 'damages ex delicto' is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons." *Caballero*, 188 So.3d at 389; *Roger v. Dufrene*, 513 So.2d 947, 948 (La. 1993).

Uniti argues its claims arise from an open account. La. R.S. 9:2781(D) provides, in pertinent part, that an open account includes "any account for which a

part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." The mere creation of a debt to a party does not give rise to an action on an open account. *Louisiana Machinery Company, LLC v. Bihn Equipment Co.*, 19-1081 (La. App. 1 Cir. 8/10/21), 329 So.3d 317, 324. Inherent in the concept of an open account is that the account is for goods or services rendered. *Id.* As with all contracts, an open account necessarily involves an underlying agreement between the parties on which the debt is based. *Paratech v. Nola Motor Club, LLC*, 17-626 (La. App. 5 Cir. 4/25/18), 395 So.3d 261, 273. Where there is no contractual agreement, there can be no open account. *Id.*

In the present case, the petition does not allege there was an underlying agreement between the parties for Miller to perform work for Uniti. In support of its position, Uniti cites *Frey Plumbing Co., Inc. v. Foster*, 07-1091 (La. 2/26/08), 996 So.2d 969, in which the Louisiana Supreme Court found that a plumbing company's lawsuit against a customer was a claim on an open account under La. R.S. 9:2781, even though there was only a single transaction between them and no future transactions were contemplated. However, in *Frey*, unlike the present case, the suit was based on an underlying agreement between the parties for the plaintiff to perform services for the defendant. Because there was no underlying agreement between the parties upon which the alleged debt was based, Uniti's claims do not arise from an open account.

Alternatively, Uniti argues that its claims arise from breach of contract. The prescriptive period for a breach of contract claim is ten years, pursuant to La. C.C. art. 3499. *McClellan v. Premier Nissan, L.L.C.*, 14-726 (La. App. 5 Cir. 2/11/15), 167 So.3d 934, 936. In order to prevail on a breach of contract claim, the plaintiff must prove by a preponderance of the evidence: 1) defendant owed him an obligation; 2) defendant failed to perform the obligation; and 3) defendant's failure

to perform resulted in damage to the plaintiff. *Stipp v. MetLife Auto & Home Ins. Agency, Inc.*, 17-61 (La. App. 5 Cir. 8/30/17), 225 So.3d 1182, 1189, *writ denied*, 17-1774 (La. 12/5/17), 231 So.3d 632; *Hayes Fund for the First United Methodist Church of Welsh, L.L.C. v. Kerr-McGee Rocky Mt., L.L.C.*, 14-2592 (La. 12/8/15), 193 So.3d 1110, 1115.

In the present case, Uniti does not allege in its petition that the parties entered into a contract, or that Miller owed any obligation to Uniti. Therefore, the petition does not set forth a cause of action for breach of contract.

Considering the facts set forth in the petition and accepting them as true, it is clear that Uniti's claims do not arise from an open account or breach of contract. While the petition indicates Miller contacted Uniti and asked it to locate and mark its cables, there is simply no allegation that there was any account for goods or services or any contractual agreement between the parties.

A delictual action is a tort action or an action seeking damages for injury caused by the act of another. *Cosse v. Orihuela*, 12-456 (La. App. 5 Cir. 1/30/13), 109 So.3d 950, *writ denied*, 13-680 (La. 4/26/13), 112 So.3d 850. In its petition, Uniti contends Miller damaged its property, *i.e.* a fiber optic cable, when installing a gas line. The claims set forth in Uniti's petition are delictual in nature.

At the time the damage occurred, delictual actions were subject to a one-year liberative prescription period under La. C.C. art. 3492.[2] Uniti's petition alleges the damage to its cable occurred on January 23, 2022. Uniti did not file its petition for damages until February 8, 2023, more than one year after the damage occurred. Accordingly, we find that Uniti's claims prescribed prior to the filing of this lawsuit, and we affirm the trial court's judgment granting the exception of prescription and dismissing Uniti's case against Miller.

---

[2] La. C.C. art. 3492 was repealed by La. Acts 2024, No. 423, § 2, effective July 1, 2024. La. C.C. art. 3493.1 currently provides a two-year prescriptive period for delictual actions.

Finally, Uniti asserts that the trial court erred by dismissing its claims with prejudice, because the trial court did not specify at the hearing whether the dismissal would be with or without prejudice.

We agree with Uniti that when a judgment is silent as to a dismissal with or without prejudice, it must be construed as a dismissal without prejudice. *See Allen v. Allen*, 16-407 (La. App. 1 Cir. 12/22/16), 210 So.3d 477, 480; and *Doe v. Jesuit High School of New Orleans*, 21-284 (La. App. 4 Cir. 11/10/21), 331 So.3d 426, 433. However, a review of the transcript reflects that the trial court was not silent on this issue. Rather, the trial court specifically stated, "I'm going to grant the exception of prescription, dismissing this matter with prejudice." Accordingly, this argument is without merit.

## DECREE

For the reasons stated herein, we affirm the trial court's September 5, 2023 judgment, granting Miller's exception of prescription and dismissing Uniti's case with prejudice.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>FEBRUARY 26, 2025</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-474

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
LEON E. ROY, IV (APPELLANT)          LOAN H. DO (APPELLEE)          THOMAS J. EPPLING (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED